**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

TAIWAN WALLACE, ROGER DAVIS,                                    PLAINTIFFS
MICHAEL STURDIVANT, GLEN FLOYD,
EMILY COLSON, BRODERICK BURNETT
and BRIDGETTE TATE, Individually and on
Behalf of All Others Similarly Situated

vs.                                    Case No. 4:22-cv-337-KGB

EVERGREEN PACKAGING, LLC                                    DEFENDANT

**DEFENDANT'S MOTION TO COMPEL THE DOCUSIGN
AUDIT TRAIL HISTORY FOR OPT-IN PLAINTIFF CONSENT FORMS**

Defendant Evergreen Packaging, LLC ("Defendant"), by and through its undersigned

counsel and for the reasons set out more fully in its accompanying brief, hereby moves this Court

for entry of an order compelling Plaintiffs' Counsel, who is acting as Administrator of the 216(b)

Notice Process, to produce the DocuSign audit trail history for each consent form signed via

DocuSign and filed with this Court. In support thereof, Defendant states as follows:

1.      Defendant moves this Court to compel Plaintiffs' counsel, acting as Administrator

of the 216(b) Notice Process, to produce the DocuSign audit trail history for each consent form

signed via DocuSign and filed with this Court. As this Court is well aware, the audit trail history

is a critical component of the electronic signature of each opt-in plaintiff because it provides his/her

email address, and the date, time and location of signing – in other words, it substantiates the

signature. Yet, Plaintiffs' counsel refuses to provide defense counsel with this necessary

information.

2.      Pursuant to the Eastern District of Arkansas local rule 7.2(g), on May 19, 2023,

Defendant's counsel requested Plaintiffs' counsel to provide the audit trail history for each consent

form that was signed through the DocuSign platform. *See* Declaration of Matthew J. Ruza, attached

hereto as Exhibit 1, at Ex. A. Defendant's counsel refused to produce the audit trail history upon request. *Id.*, at Ex. B. The Parties met and conferred on the issue on June 5, 2023. After much discussion, the Parties were at impasse.  Plaintiffs' counsel, acting as the administrator, remained steadfast in his refusal to produce the audit trail history, and Defendant was left with no choice but to bring the instant motion. *Id.*, at Ex. 5.

3.       Defendant's arguments in support of its Motion to Compel the DocuSign audit trail history are more fully set forth in Defendant's Brief in Support.

WHEREFORE, Defendant respectfully requests that the Court grant its motion and compel Plaintiffs to (1) produce the audit trails for all opt-in consents previously filed; and (2) produce audit trails for all opt-in consents filed from this date forward.

Dated: June 20, 2023

Respectfully Submitted,

**EVERGREEN PACKAGING, LLC**

John A. Ybarra (admitted *Pro Hac Vice*)
Shanthi V. Gaur
Matthew J. Ruza (admitted *Pro Hac Vice*)
jybarra@littler.com
sgaur@littler.com
mruza@littler.com
LITTLER MENDELSON, P.C.
321 N. Clark Street, Suite 1100
Chicago, Illinois 60654
Tel: 312-372-5520
Fax: 312-372-7880

Eva C. Madison (98183)
emadison@littler.com
LITTLER MENDELSON, P.C.
217 E. Dickson Street, Suite 204
Fayetteville, AR 72701
Tel: 479.582.6100
Fax: 479.582.6111