**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

TAIWAN WALLACE, ROGER DAVIS,                                        PLAINTIFFS
MICHAEL STURDIVANT, GLEN FLOYD,
EMILY COLSON, BRODERICK BURNETT
and BRIDGETTE TATE, Individually and on
Behalf of All Others Similarly Situated

vs.                                        Case No. 4:22-cv-337-KGB

EVERGREEN PACKAGING, LLC                                        DEFENDANT

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION TO COMPEL THE**
**DOCUSIGN AUDIT TRAIL HISTORY FOR OPT-IN PLAINTIFF CONSENT FORMS**

Defendant, Evergreen Packaging, LLC ("Evergreen" or "Defendant"), by and through its attorneys Littler Mendelson, P.C., and pursuant to 29 U.S.C. § 216(b) and the Court's inherent authority to oversee class and collective actions, respectfully requests that the Court enter an order compelling Plaintiffs' Counsel, who is acting as Administrator of the 216(b) Notice Process, to produce the DocuSign audit trail history for each consent form signed via DocuSign and filed with this Court. As this Court is well aware, the FLSA requires written consent to opt-in to a lawsuit because an **actual signature** provides the only confirmation that an individual actually wants to become part of a collective action. The audit trail history is a critical component of the electronic signature of each opt-in plaintiff because it provides his/her email address, and the date, time and location of signing – in other words, it substantiates the signature. Yet, Plaintiffs' counsel refuses to provide defense counsel with this necessary information. Thus, Defendant brings the instant motion to compel production of the audit trail history for each consent form signed via DocuSign and filed with this Court.

## I.      FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 31, 2023, this Court granted in part and denied in part Plaintiffs' Motion for Conditional Certification and for Approval and Distribution of Notice. [Dkt. 63]. As detailed in this Court's Order, the Court conditionally certified a collective of all non-exempt production workers, employed by Defendant within the State of Arkansas, at any time since April 12, 2019. *Id*. Over Defendant's objections, the Court also authorized that putative collective members could sign consent forms via DocuSign, an electronic signature platform, and that the notices could be disseminated by Plaintiffs' counsel instead of a Third-Party Administrator. *See Id*; [Dkt. 19].

Since the notice period began on May 5, 2023, over 400 individuals have filed consent-to-join forms to participate in the litigation. *See* Dkt. 68 – 77. The vast majority of those consent forms have been signed via the DocuSign platform. *See* Dkt. 68 – 73. This is clear because the signatures on the consent forms maintain the same form, format, and font throughout. *Id*.

On May 19, 2023, Defendant's counsel requested Plaintiffs' counsel to provide the audit trail history for each consent form that was signed through the DocuSign platform. *See* Declaration of Matthew J. Ruza, attached hereto as Exhibit 1, at Ex. A.  As described by DocuSign, the audit trail history creates an "automated history of every activity, including viewing, printing, sending, signing, or declining to sign a document." *Id*., at Ex. B. DocuSign further explains that "[e]very signed DocuSign document comes with a certificate of completion that provides proof of the signing process to all parties of the transaction. *Id*. This certificate includes information from the audit trail, illustrating who signed, timestamps detailing when and where each person signed, and the completed document itself." *Id*., at ¶ 5. According to DocuSign, "[s]igned documents and audit trails are maintained by DocuSign's tamper-evident storage system, providing easy but secure access." *Id*.

2

In response to defense counsel's request for the audit trail history, Plaintiffs' counsel stated "No – we don't do that" and further noted that if defense counsel thought the consent forms were "fraudulent," then they should file a motion. *See* Ruza Decl., at Ex. C.

Defense counsel explained that they were not alleging that the consent forms are fraudulent. *Id*., at Ex. D. Rather, defense counsel noted that the audit trail is missing from the consent forms, and such information is a necessary part of the signature on the consent forms. *Id*. Further, defense counsel stated that because Plaintiffs' counsel is acting as the administrator of the notice process, defense counsel is entitled to ask them for this information to confirm the validity of the signatures on the consent forms. *See Id*.

The Parties met and conferred on the issue on June 5, 2023.  At that time, Plaintiffs' counsel expressed concerns about the relevancy of the audit trail information and the privacy of the opt-in plaintiffs' personal information, such as the nature of their email addresses, the timing of when the consent forms were signed, and other personal information that may not be relevant to the case. *Id*., at Ex. E. Defense counsel again explained that the DocuSign audit trail is part of the opt-in consent process. *Id*. Specifically, because there is no paper signature and date, as there would be with any wet signature, the audit trail is part of the signature, as it allows counsel to verify the date, place, time and identity of the signatory. Thus, defense counsel needs to view this information to verify the opt-in signature. *Id*. Defense counsel also assured Plaintiffs' counsel that they do not intend to use the audit trail history for any improper or irrelevant purpose. *Id*. Nevertheless, Plaintiffs' counsel remained steadfast in his refusal to produce the audit trail history. *Id*., at Ex. F. Defendant was left with no choice but to bring the instant motion. *Id*.

## II.    STANDARD FOR RELIEF

The FLSA provides that employees may bring private actions against employers for themselves "and other employees similarly situated." 29 U.S.C. § 216(b). "No employee shall be

a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.*

The court has inherent power under § 216(b) to oversee and manage class action litigation. "It is beyond dispute that this Court not only has the authority, but also the duty, to oversee class action litigation, and to enter appropriate orders governing the conduct of counsel and the parties." *Green v. Plantation of Louisiana, LLC*, No. CIV. 2:10-0364, 2012 WL 4829328, at *3 (W.D. La. Sept. 17, 2012), report and recommendation adopted, No. CIV. 2:10-0364, 2012 WL 4829319 (W.D. La. Oct. 10, 2012) citing *In Re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1012 fn. 8 (5th Cir.1977) ("In class actions we recognize, indeed insist upon, the court's participation as the manager of the case."). While court authorization of notice serves the legitimate goal of avoiding a multiplicity of duplicative suits, the notice process also should be supervised by the Court pursuant to Section 216(b). *See In re RBC Dain Rauscher Overtime Litigation*, 703 F. Supp. 2d 910, 966 (D. Minn. 2010).

## III.     ARGUMENT

### A.     The Audit Trail is Part of Each Opt-In Signature and Defendant is Entitled to Receive the Complete Signature Corresponding to Each Consent Form.

This Court granted Plaintiffs' request that opt in plaintiffs be permitted to join this lawsuit through electronic signature obtained from websites such as DocuSign.com. [Dkt. 63]. Plaintiffs' counsel has obtained such electronically signed opt-in consent forms. *See* Dkt. 68 – 73. Defendant now respectfully requests this Court to require Plaintiffs' Counsel to provide it with the *complete* electronic signature by providing the audit trail history.

This Court is well aware that upon signing via electronic signature, a neutral, third-party audit trail is automatically created that allows all parties involved in the transaction to validate a transaction's authenticity. As DocuSign explains,

Transaction data is metadata about activities, events, and actions that occur in the normal course of users starting, progressing, and completing their digital transaction on the DocuSign eSignature service.

A helpful analogy is when a courier service delivers an envelope from one party to another. The courier service tracks when an envelope is picked up, its progress through distribution centers or airline facilities, and when it's delivered to the recipient (who may be required to sign for it). ***This information is available to both parties throughout the process***, as well as after the delivery is completed for confirmation or future reference.

Similarly, the DocuSign eSignature service provides a record of activities in support of a customer's transactions on the platform. This metadata serves multiple purposes, including providing an audit trail if a transaction is ever challenged.

Here, upon the signing of each opt-in consent form via electronic signature, an audit trail was automatically created, verifying the signature by providing straightforward information regarding the signatory, including his/her email address, and the date, time and location of signing. The audit trail is thus a critical part of the party's signature because it substantiates the signature. In fact, this Court has previously authenticated an electronic signature utilizing the corresponding audit trail. *See Holley v. Bitesquad.com LLC*, 416 F. Supp. 3d 809 (E.D. Ark. 2019) (Baker, J.) (finding that audit trail authenticated Plaintiff's signature and execution of arbitration agreement).

Following receipt of several hundred executed consent forms, Defendant requested that Plaintiffs' counsel, as Administrator, provide the corresponding audit trails for each notice. Instead of fulfilling his obligation to remain neutral and impartial as the Administrator, Plaintiffs' counsel summarily responded with "No—we don't do that." *See* Ruza Decl., at Ex. B. Plaintiffs' counsel appears to suggest that only *he* is entitled to review and access this key part of the signature. Plaintiffs' counsel's refusal to provide the remaining portion of each opt-in plaintiff's signed consent is without support or justification, and his refusal is entirely contradictory to his responsibility to remain impartial as the assigned Administrator of the consent process.

**B.      In their Role as Administrator, Plaintiffs' Counsel is Required to Produce the Audit Trail Histories.**

Over Defendant's objections, this Court granted Plaintiffs' request that it be permitted to act as the Administrator of the notice and consent process in this matter and granted Plaintiffs' request that it be permitted to disseminate notice to all class members. [Dkt. 63].   Inherent in the role of Administrator of the consent process is the duty to remain impartial. *See Cooley v. Air Methods Corp.*, No. CV-19-00850-PHX-DLR, 2020 WL 9311858, at *4 (D. Ariz. Sept. 25, 2020) (holding that neutrality and integrity of the opt-in process must be ensured); *see also Hoffmann-La Roche v. Sperling*, 493 U.S. 165, 174 (1989). As such, counsel must act as an impartial and neutral Administrator – and such impartiality requires him to provide Defendant with the same information it would have received had this Court appointed a Third-Party Administrator to oversee the notice process.

Again, Defendant's counsel has simply asked for the complete signature of each executed opt-in plaintiff consent form. Plaintiffs cannot dispute that a Third-Party Administrator would ordinarily and immediately provide *both* Plaintiffs and Defendant with complete consent forms, including the corresponding audit trails of each executed document from the DocuSign platform. Plaintiffs' counsel also must concede that a Third-Party Administrator would never withhold audit trails from disclosure to either party. Certainly, a Third-Party Administrator would not respond "No—we don't do that" to a standard request for audit trails.

Plaintiffs' counsel's communications to date showcase counsel's resistance to impartially effectuating the notice process. *See* Ruza Decl., at Exs. A-C. Contrary to Plaintiffs' counsel's statement that the "pursuit of [audit trails] is nonsense," this Court has recognized that the audit trails evidence the authenticity of an electronic signature. *See Holley*, 416 F. Supp. 3d at 820 (the audit-trail matches the bottom right-hand corner of each page of the hiring packet . . . [evidencing]

the authenticity of his signature under Arkansas law."). Plaintiffs' counsel also stated during the parties' meet and confer that the audit trails constitute "discovery." This is untrue. Defendant's request was made to Plaintiffs' counsel in his role as Administrator, not as counsel for the Plaintiffs in this case. Further, Defendant's counsel confirmed to opposing counsel that their intention is to verify the accuracy of the signatures, not to delve into the opt-in plaintiffs' personal information nor to obtain information regarding an opt-in's email address (which Defendant provided Plaintiffs' counsel) or inquire as to the time and date of an opt-in's signature. Ruza Decl., at Ex. D. Plaintiffs' counsel may not abuse his role as Administrator to dictate which information Defendant is entitled to review and which information, he as Administrator, will withhold.[1] Under such circumstances, to refuse to provide the audit trail information distorts Plaintiffs' counsel's impartial role as the Administrator of the consent and notice process.

### C. Plaintiffs' Counsel is Withholding Relevant Information Regarding Party Plaintiffs.

Notwithstanding Plaintiffs' counsel's obligations as the Administrator of the notice and consent process, counsel also is interfering with Defendant's ability to both (a) obtain relevant information regarding Party Plaintiffs and (b) substantiate each opt-in plaintiffs' consent to participate in this claim. Without legitimate signatures, the purported consent forms are simply unsigned forms and therefore do not constitute a valid consent. *See, e.g., Kulik v. Superior Pipe Specialties Co.*, 203 F. Supp. 938, 941 (N.D. Ill. 1962) (concluding that an FLSA written consent "is a document signed by the person whose consent it purports to be" and that an unsigned, typewritten document was insufficient); *Collazo v. Forefront Educ., Inc.*, No. 08-cv-5987, 2010

---

[1] However, even if the Court were to find that the audit trail is discovery, to require Defendant to serve 400+ discovery requests asking Plaintiffs for the audit trail is form over substance. Moreover, Plaintiffs, as participants in the litigation, would not have such information. Rather, it is their counsel, acting as the administrator of the notice process, that is the keeper of such information.

U.S. Dist. LEXIS 7661, at *12 (N.D. Ill. Jan. 28, 2010) (rejecting consent forms as improper because they were apparently not signed by the class members themselves, but with the term "POA" written after them).

Upon the filing of an opt in consent, each and every opt in becomes a party plaintiff. *See Borup v. CJS Solutions Grp., LLC*, 333 F.R.D. 142, 148 (D. Minn. 2019) ("The FLSA refers to opt-in employees as 'party plaintiffs,' so opt-in plaintiffs hold the same relationship to the case as does the named plaintiff."). Every opt-in plaintiff has effectively signed on to validate each and every allegation in the Plaintiffs' Complaint. Furthermore, unlike a Rule 23 class, upon the filing of a consent to join this lawsuit, the opt-in plaintiffs become active participants of the collective. *Id.* The audit trail substantiates each opt-in plaintiff's, now party plaintiff's, intent to participate in this lawsuit. Validating whether an individual provided an *actual signature* is the most important part of the filing of the consent form – failure to provide the audit trails raises questions of whether the individuals who filed consent forms ever saw the notice documents and whether they actually gave consent to participate. *See Montalvo v. Tower Life Bldg.*, 426 F.2d 1135, 1148 (5th Cir. 1970) (holding that actual signatures beneath a typewritten statement asking that "legal action be taken to secure my claim for me due me under the Fair Labor Standards Act" was sufficient); *Frye v. Baptist Mem'l Hosp., Inc.*, No. 11-5648, 2012 U.S. App. LEXIS 17791, at *22 (6th Cir. Aug. 21, 2012) ("But even allowing latitude of form, the requirement remains a *filed written consent*.") (emphasis in original).

Given the undisputed importance of an opt-in consent, Defendant respectfully submits that it is entitled to receive, review and confirm the veracity of each opt in plaintiffs' signature, and the audit trail is critically relevant information in this regard. Moreover, absent any legitimate objection to Defendant's request, which counsel does not have, Plaintiffs' counsel is not entitled

to determine which information Defendant shall receive regarding Party Plaintiffs.

**D.    Defendant's Request for the Audit Trails Poses No Undue Burden on Plaintiffs' Counsel as Administrator.**

There is no burden imposed on Plaintiffs' counsel as Administrator to produce the audit trails requested. Audit trails are maintained in the ordinary course of business when using a platform like DocuSign. Obtaining the information is simply a matter of "clicks." In fact, DocuSign Support provides a quick four-step tutorial on how to pull an audit trail for a signed agreement on its platform. Ruza Decl., at Ex. G. As the tutorial explains, all counsel needs to do is select the consent forms that were signed, go to the labels panel and download the audit trail to a comma-separated value (CSV) file that can be exported and sent to Defendant's counsel. *Id*. At ¶ 8. Any argument that producing the audit trails is burdensome is unavailing as it was Plaintiffs' counsel's own request that granted him the powers of Administrator over the notice and consent process and use of the DocuSign platform. Counsel cannot now complain of any alleged difficulty in producing readily available relevant data. Any neutral, Third-Party Administrator would promptly provide such data.

**IV.    CONCLUSION**

Plaintiffs' counsel explicitly requested that this Court grant him the power to administer the notice and consent process. Inexplicably, Plaintiffs' counsel has now unilaterally decided to withhold information essential to Defendant's ability to review the accuracy of the opt-in plaintiffs' signatures. By denying Defendant the right to review the DocuSign audit trails, Plaintiffs' counsel has abused his role as Administrator.

For the foregoing reasons, Defendant requests that the Court grant its motion and compel Plaintiffs to (1) produce the audit trails for all opt-in consents previously filed; and (2) produce audit trails for all opt-in consents filed from this date forward.

Dated: June 20, 2023

Respectfully Submitted,

**EVERGREEN PACKAGING, LLC**

John A. Ybarra (admitted *Pro Hac Vice*)
Shanthi V. Gaur
Matthew J. Ruza (admitted *Pro Hac Vice*)
jybarra@littler.com
sgaur@littler.com
mruza@littler.com
LITTLER MENDELSON, P.C.
321 N. Clark Street, Suite 1100
Chicago, Illinois 60654
Tel: 312-372-5520
Fax: 312-372-7880

Eva C. Madison (98183)
emadison@littler.com
LITTLER MENDELSON, P.C.
217 E. Dickson Street, Suite 204
Fayetteville, AR 72701
Tel: 479.582.6100
Fax: 479.582.6111

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

TAIWAN WALLACE, ROGER DAVIS,                                          PLAINTIFFS
MICHAEL STURDIVANT, GLEN FLOYD,
EMILY COLSON, BRODERICK BURNETT
and BRIDGETTE TATE, Individually and on
Behalf of All Others Similarly Situated

vs.                                    Case No. 4:22-cv-337-KGB

EVERGREEN PACKAGING, LLC                                          DEFENDANT

**DECLARATION OF MATTHEW J. RUZA IN SUPPORT OF**
**DEFENDANT'S MOTION TO COMPEL THE DOCUSIGN**
**AUDIT TRAIL HISTORY FOR OPT-IN PLAINTIFF CONSENT FORMS**

I, Matthew J. Ruza, am over the age of eighteen and do hereby swear, affirm, and attest as

follows, based upon my personal knowledge of the matters contained herein:

1.       I am one of the attorneys representing Defendant in this matter and have personal

knowledge of the pleadings in this case as well as correspondence between counsel.

2.       Attached hereto as Exhibit A is a true and correct copy of e-mail correspondence

between Matthew J. Ruza, counsel for Defendant, and Josh Sanford, counsel for Plaintiffs from

May 19, 2023.

3.       Attached hereto as Exhibit B is a true and correct copy of DocuSign's audit trail

history explanation, which can be found at the following URL link:

https://www.docusign.com/trust/security/transaction-data-use.

4.       Attached hereto as Exhibit C is a true and correct copy of e-mail correspondence

from Josh Sanford, counsel for Plaintiffs and administrator of the 216(b) Notice Process in this

case, and counsel for Defendant on May 19, 2023.

5.      Attached hereto as Exhibit D is a true and correct copy of e-mail correspondence on May 24, 2023 from Shanthi V. Gaur, counsel for Defendant, to Josh Sanford, counsel for Plaintiffs and administrator of the 216(b) Notice Process in this case.

6.      Attached hereto as Exhibit E is a true and correct copy of e-mail correspondence on June 6, 2023, from Matthew J. Ruza, counsel for Defendant, to Josh Sanford, counsel for Plaintiffs and administrator of the 216(b) Notice Process in this case.

7.      Attached hereto as Exhibit F is a true and correct copy of e-mail correspondence on June 7, 2023, from Matthew J. Ruza, counsel for Defendant, to Josh Sanford, counsel for Plaintiffs and administrator of the 216(b) Notice Process in this case.

8.      Attached hereto as Exhibit G is a true and correct copy of DocuSign's four-step tutorial on how to pull an audit trail for a signed agreement. The tutorial explains that the user can go to the labels panel and download the audit trail to a comma-separated value (CSV) file that can be exported. This explanation can be found on DocuSign's website at the URL link: https://support.docusign.com/s/documentitem?language=en_US&bundleId=zzg1606752647158&topicId=vvh1606752561471.html&_LANG=enus

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and understanding.

Executed this 20th day of June, 2023.

/s/*Matthew J. Ruza*
                Matthew J. Ruza

# EXHIBIT A

| | |
|---|---|
| **From:** | Ruza, Matthew |
| **Sent:** | Friday, May 19, 2023 3:45 PM |
| **To:** | Josh Sanford; Tracy Freeman |
| **Cc:** | Daniel Ford; Ybarra, John; Gaur, Shanthi; Mroueh, Yara; Madison, Eva |
| **Subject:** | RE: Wallace, et al. v. Evergreen Packaging -- Notice |

Josh & Daniel:

In reviewing the consent forms you filed this week, we do not see the audit trail history on the signature lines from the consent forms from DocuSign. Can you please provide us with that information as soon as possible?

Thanks,
Matt

**Matthew Ruza**
Attorney at Law
312.795.3274 direct, 248.672.6689 mobile
MRuza@littler.com



Labor & Employment Law Solutions | Local Everywhere
321 N Clark St, Suite 1100, Chicago, IL 60654

**From:** Josh Sanford <josh@sanfordlawfirm.com>
**Sent:** Monday, May 15, 2023 5:05 PM
**To:** Ruza, Matthew <MRuza@littler.com>; Tracy Freeman <tracy@sanfordlawfirm.com>
**Cc:** Daniel Ford <daniel@sanfordlawfirm.com>; Ybarra, John <JYbarra@littler.com>; Gaur, Shanthi <SGaur@littler.com>; Mroueh, Yara <YMroueh@littler.com>; Madison, Eva <ECMadison@littler.com>
**Subject:** Re: Wallace, et al. v. Evergreen Packaging -- Notice

Tracy, please see below



**Josh Sanford**
**Managing Attorney, Sanford Law Firm**

800-615-4946 (Main) | 501-904-1656 (Direct)
josh@sanfordlawfirm.com | www.sanfordlawfirm.com
10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211

Attorneys admitted in courts in AR • CO • IL • MI • MO • ND • NE • NM • OH • OK • TN • TX • WA • WI



    

*This message, and any attachments, is intended for the addressee only. It may contain information which is legally privileged, confidential, and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited by the Electronic Communication Privacy Act at 18 U.S.C. §§ 2510-2521. If you have received this e-mail in error, please notify the sender immediately by telephone at (501) 221-0088 or by return e-mail and delete the message and any attachments.*

On May 15, 2023, at 5:01 PM, Ruza, Matthew <MRuza@littler.com> wrote:

Daniel:

Hope you had a good weekend. Could you please provide us with a copy of the email notice that was distributed to the putative collective members?

Thanks,
Matt

**Matthew Ruza**
Attorney at Law
312.795.3274 direct, 248.672.6689 mobile
MRuza@littler.com

<image001.png>
<image002.png>

Labor & Employment Law Solutions | Local Everywhere
321 N Clark St, Suite 1100, Chicago, IL 60654

---------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# EXHIBIT B

Sales 1-877-720-2040

**DocuSign**

TRY FOR FREE

Overview

Alerts

Compliance

Legal

Privacy

Security

System Status

Trust Center

# How DocuSign uses transaction data and the Certificate of Completion

DocuSign uses transaction data from activities occurring on the DocuSign eSignature service platform to establish a neutral, third-party audit trail that can be used by all parties involved in a transaction, as well as DocuSign, to validate a transaction's authenticity.

## What is transaction data?

Transaction data is metadata about activities, events, and actions that occur in the normal course of users starting, progressing, and completing their digital transaction on the DocuSign eSignature service.

A helpful analogy is when a courier service delivers an envelope from one party to another. The courier service tracks when an envelope is picked up, its progress through distribution centers or airline facilities, and when it's delivered to the recipient (who may be required to sign for it). T

1

information is available to both parties throughout the process, as well as after the delivery is completed for confirmation or future reference.

Similarly, the DocuSign eSignature service provides a record of activities in support of a customer's transactions on the platform. This metadata serves multiple purposes, including providing an audit trail if a transaction is ever challenged.

## What types of information are included?

Transaction data includes some information provided by the sender (e.g. an email address), as well as information generated by the DocuSign eSignature service (e.g. the date/time of an action), and falls into three general categories:

- **Description of the envelope and parties involved,** such as recipient names and email addresses, and the method designated by the sender to authenticate a recipient's identity (if applicable)

- **Time of occurrence and key events and actions,** such as:

  - When an envelope is sent or viewed

  - A recipient's acceptance of the Electronic Records and Signature Disclosure consenting to receive notices electronically

  - Status designations indicating if an envelope was declined or voided

- **System-level tracking,** such as an Internet Protocol (IP) address and other online identifiers and location data

## Is transaction data distinguishable from eDocument content?

Transaction data provides limited information about DocuSign envelope activities and doesn't include the envelope's associated eDocuments.



eDocuments are encrypted during upload to the DocuSign eSignature service and remain so while stored there. The customer is the eDocument owner, and DocuSign employees can't access the

content within an eDocument. Moreover, the DocuSign eSignature service also applies a tamper-evident seal when a customer downloads their eDocument, helping ensure it isn't altered after the fact.

## How is transaction data used?

There are three primary uses for transaction data: audit trail, objective data, and validity. In support of each of these activities, the DocuSign eSignature service generates a Certificate of Completion, an electronic record that serves as an audit trail and proof of the transaction for all authorized participants, as well as in court, if necessary.

*Audit Trail*
Transaction data provides an audit trail of the transaction, allowing DocuSign to function as a neutral third party in the event a customer's transaction is challenged—even if it's related to the transaction's very existence. For example, a customer can use the audit trail to confirm who the sender and recipients were and that a document was signed at a specific time.

*Objective Data*
Customers and all recipients have objective data that confirms envelope delivery and the signing ceremony were completed. For example, the sender can confirm the recipient received the envelope, and the recipient can confirm the envelope was returned to the sender—all via the DocuSign eSignature service.

*Validity*
By design, the DocuSign eSignature service generates a range of transaction data—including participants, actions, timestamps, and systems-level tracking—that supports the validity of court-admissible electronic signatures.

## How is transaction data maintained?

In order to produce an audit trail and provide reference information, the DocuSign eSignature service retains transaction data during the time of a customer's subscription and after it has ended. DocuSign will continue to protect and secure transaction data even when a customer no longer has a current subscription with DocuSign.

Even if requested by a customer, DocuSign can't delete or export transaction data from the DocuSign eSignature service due to the need to validate transactions on behalf of a customer or recipient at any point in the future. Moreover, the DocuSign eSignature service isn't architected to provide this capability.

However, customers may download, save, and print both eDocuments and Certificates of Completion at any time during their subscription period. The sender of an envelope may also purge

1

their eDocuments at any time during their subscription, removing them from the DocuSign eSignature service (after a short queue period).

## Where to find additional information

Supplemental information about the Certificate of Completion and a related document called Document History is available in the DocuSign User Guide.

### PRODUCTS

eSignature

Contract Lifecycle Management

Document Generation

Contract Analytics

All Products →

### PLANS & PRICING

eSignature Plans

Real Estate Plans

API Plans

### BUSINESS SIZE

Enterprise

Small Business

Individuals

### PARTNERS

Partners Overview

Partners Login

### DEVELOPERS

Developer Center

### INDUSTRIES

Financial Services

Insurance

Real Estate

Government

All Industries →

### USE CASES

Sales

Human Resources

Procurement

Legal

All Use Cases →

### SUPPORT

Customer Success

Get Support

Introduction to eSignature

Knowledge Market

DocuSign University

Community

### RESOURCES

Why DocuSign

Resource Center

1

API Overview

Free Developer Account

Open Source

Blog

Events

Webinars

Customer Stories

Product Releases

Legality Guide

Trust Center

## COMPANY

About Us

Leadership

Careers

Talent & Career Development

Benefits

Diversity & Inclusion

Investor Relations

News Center

DocuSign for Forests

DocuSign Impact

Contact Us

Accessibility

### TRENDING TOPICS

Electronically notarize agreements          Streamline agreements with contract management software

What is contract lifecycle management?      Compare DocuSign vs HelloSign      How to insert signature in google docs

How to put a signature on a word document      Sign documents online      How to sign a pdf      eSignature Use Cases

eSignature Resources

United States

1





Terms of Use        Privacy Policy        Cookies Settings        Intellectual Property        Modern Slavery Act Statement

© DocuSign, Inc. 2023

1

# EXHIBIT C

| | |
|---|---|
| **From:** | Josh Sanford <josh@sanfordlawfirm.com> |
| **Sent:** | Friday, May 19, 2023 5:07 PM |
| **To:** | Ruza, Matthew |
| **Cc:** | Tracy Freeman; Daniel Ford; Ybarra, John; Gaur, Shanthi; Mroueh, Yara; Madison, Eva |
| **Subject:** | Re: Wallace, et al. v. Evergreen Packaging -- Notice |

No—we don't do that.  If you think they are fraudulent, file a motion.



**Josh Sanford**

**Managing Attorney, Sanford Law Firm**

800-615-4946 (Main) | 501-904-1656 (Direct)

josh@sanfordlawfirm.com | www.sanfordlawfirm.com

10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211

Attorneys admitted in courts in AR • CO • IL • MI • MO • ND • NE • NM • OH • OK • TN • TX • WA • WI

🏅 **No. 1 Plaintiff Employment Law Firm in the U.S.** 🏅

    

*This message, and any attachments, is intended for the addressee only. It may contain information which is legally privileged, confidential, and exempt from disclosure  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited by the Electronic Communication Privacy Act at 18 U.S.C. §§ 2510-2521. If you have received this e-mail in error, please notify the sender immediately by telephone at (501) 221-0088 or by return e-mail and delete the message and any attachments.*

On May 19, 2023, at 3:45 PM, Ruza, Matthew <MRuza@littler.com> wrote:


Josh & Daniel:

In reviewing the consent forms you filed this week, we do not see the audit trail history on the signature lines from the consent forms from DocuSign. Can you please provide us with that information as soon as possible?

Thanks,
Matt

**Matthew Ruza**
Attorney at Law

312.795.3274 direct, 248.672.6689 mobile
MRuza@littler.com



Labor & Employment Law Solutions | Local Everywhere
321 N Clark St, Suite 1100, Chicago, IL 60654

**From:** Josh Sanford <josh@sanfordlawfirm.com>
**Sent:** Monday, May 15, 2023 5:05 PM
**To:** Ruza, Matthew <MRuza@littler.com>; Tracy Freeman <tracy@sanfordlawfirm.com>
**Cc:** Daniel Ford <daniel@sanfordlawfirm.com>; Ybarra, John <JYbarra@littler.com>; Gaur, Shanthi <SGaur@littler.com>; Mroueh, Yara <YMroueh@littler.com>; Madison, Eva <ECMadison@littler.com>
**Subject:** Re: Wallace, et al. v. Evergreen Packaging -- Notice

Tracy, please see below

### Josh Sanford

**Managing Attorney, Sanford Law Firm**

—   800-615-4946 (Main) | 501-904-1656 (Direct)

josh@sanfordlawfirm.com | www.sanfordlawfirm.com

10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211

Attorneys admitted in courts in AR • CO • IL • MI • MO • ND • NE • NM • OH • OK • TN • TX • WA • WI

🥇 **No. 1 Plaintiff Employment Law Firm in the U.S.** 🥇

*This message, and any attachments, is intended for the addressee only. It may contain information which is legally privileged, confidential, and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited by the Electronic Communication Privacy Act at 18 U.S.C. §§ 2510-2521. If you have received this e-mail in error, please notify the sender immediately by telephone at (501) 221-0088 or by return e-mail and delete the message and any attachments.*

> On May 15, 2023, at 5:01 PM, Ruza, Matthew <MRuza@littler.com> wrote:
>
> Daniel:
>
> Hope you had a good weekend. Could you please provide us with a copy of the email notice that was distributed to the putative collective members?
>
> Thanks,
> Matt
>
> **Matthew Ruza**
> Attorney at Law
> 312.795.3274 direct, 248.672.6689 mobile
> MRuza@littler.com
>
> <image001.png>
> <image002.png>

Labor & Employment Law Solutions | Local Everywhere
321 N Clark St, Suite 1100, Chicago, IL 60654

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.


--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# EXHIBIT D

| **From:** | Gaur, Shanthi |
| **Sent:** | Wednesday, May 24, 2023 12:40 PM |
| **To:** | Josh Sanford; Ruza, Matthew |
| **Cc:** | Tracy Freeman; Daniel Ford; Ybarra, John; Mroueh, Yara; Madison, Eva |
| **Subject:** | RE: Wallace, et al. v. Evergreen Packaging -- Notice |

Josh, we are not saying that the consents are fraudulent.  As noted below, the audit trail history is missing, or redacted, from the consent forms.  Since your firm has taken on the role of administrator here, we are respectfully requesting this information to confirm the validity of the consents.  It is certainly appropriate for us to make this request pursuant to our responsibilities as defense counsel, and it is unclear why you would refuse to produce this information.  Please advise.

**Shanthi Gaur**
Shareholder
312.795.3293 direct, 312.420.0055 mobile, 312.372.7880 fax
SGaur@littler.com



Labor & Employment Law Solutions | Local Everywhere
321 N Clark St, Suite 1100, Chicago, IL 60654

**From:** Josh Sanford <josh@sanfordlawfirm.com>
**Sent:** Friday, May 19, 2023 5:07 PM
**To:** Ruza, Matthew <MRuza@littler.com>
**Cc:** Tracy Freeman <tracy@sanfordlawfirm.com>; Daniel Ford <daniel@sanfordlawfirm.com>; Ybarra, John <JYbarra@littler.com>; Gaur, Shanthi <SGaur@littler.com>; Mroueh, Yara <YMroueh@littler.com>; Madison, Eva <ECMadison@littler.com>
**Subject:** Re: Wallace, et al. v. Evergreen Packaging -- Notice

No—we don't do that.  If you think they are fraudulent, file a motion.



**Josh Sanford**
**Managing Attorney, Sanford Law Firm**

800-615-4946 (Main) | 501-904-1656 (Direct)
josh@sanfordlawfirm.com | www.sanfordlawfirm.com
10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211

Attorneys admitted in courts in AR • CO • IL • MI • MO • ND • NE • NM • OH • OK • TN • TX • WA • WI

 No. 1 Plaintiff Employment Law Firm in the U.S. 

   

*This message, and any attachments, is intended for the addressee only. It may contain information which is legally privileged, confidential, and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited by the Electronic Communication Privacy Act at 18 U.S.C. §§ 2510-2521. If you have received this e-mail in error, please notify the sender immediately by telephone at (501) 221-0088 or by return e-mail and delete the message and any attachments.*

On May 19, 2023, at 3:45 PM, Ruza, Matthew <MRuza@littler.com> wrote:


Josh & Daniel:

In reviewing the consent forms you filed this week, we do not see the audit trail history on the signature lines from the consent forms from DocuSign. Can you please provide us with that information as soon as possible?

Thanks,
Matt

**Matthew Ruza**
Attorney at Law
312.795.3274 direct, 248.672.6689 mobile
MRuza@littler.com


<image001.png>


<image002.png>


Labor & Employment Law Solutions | Local Everywhere
321 N Clark St, Suite 1100, Chicago, IL 60654

**From:** Josh Sanford <josh@sanfordlawfirm.com>
**Sent:** Monday, May 15, 2023 5:05 PM
**To:** Ruza, Matthew <MRuza@littler.com>; Tracy Freeman <tracy@sanfordlawfirm.com>
**Cc:** Daniel Ford <daniel@sanfordlawfirm.com>; Ybarra, John <JYbarra@littler.com>; Gaur, Shanthi <SGaur@littler.com>; Mroueh, Yara <YMroueh@littler.com>; Madison, Eva <ECMadison@littler.com>
**Subject:** Re: Wallace, et al. v. Evergreen Packaging -- Notice


Tracy, please see below


**Josh Sanford**
**Managing Attorney, Sanford Law Firm**

800-615-4946 (Main) | 501-904-1656 (Direct)

josh@sanfordlawfirm.com | www.sanfordlawfirm.com

10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211

Attorneys admitted in courts in AR • CO • IL • MI • MO • ND • NE • NM • OH • OK • TN • TX • WA • WI

🏅 **No. 1 Plaintiff Employment Law Firm in the U.S.** 🏅



*This message, and any attachments, is intended for the addressee only. It may contain information which is legally privileged, confidential, and exempt from disclosure  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited by the Electronic Communication Privacy Act at 18 U.S.C. §§ 2510-2521. If you have received this e-mail in error, please notify the sender immediately by telephone at (501) 221-0088 or by return e-mail and delete the message and any attachments.*

On May 15, 2023, at 5:01 PM, Ruza, Matthew <MRuza@littler.com> wrote:

Daniel:

Hope you had a good weekend. Could you please provide us with a copy of the email notice that was distributed to the putative collective members?

Thanks,
Matt

**Matthew Ruza**
Attorney at Law
312.795.3274 direct, 248.672.6689 mobile
MRuza@littler.com

<image001.png>
<image002.png>

Labor & Employment Law Solutions | Local Everywhere
321 N Clark St, Suite 1100, Chicago, IL 60654

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

--------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# EXHIBIT E

| | |
|---|---|
| **From:** | Ruza, Matthew |
| **Sent:** | Tuesday, June 6, 2023 3:07 PM |
| **To:** | Josh Sanford; Gaur, Shanthi |
| **Cc:** | Tracy Freeman; Daniel Ford; Ybarra, John; Mroueh, Yara; Madison, Eva |
| **Subject:** | RE: Wallace, et al. v. Evergreen Packaging -- Notice |

Josh:

Thanks for the time to meet and confer via telephone yesterday. To summarize our conversation, we first addressed your refusal to supply the audit trail history for each of the DocuSign signatures on the consent forms. We explained that the audit trail is certainly part of the electronic DocuSign signature. You expressed concerns that that may be discovery. You expressed concerns about relevancy and delving into opt-in plaintiff's personal information, such as the nature of their email addresses, why they signed the consent forms at times, and other personal information that may not be relevant to the case. We explained why the DocuSign audit trail is part of the opt-in consent process. Because there is no paper signature and date, as there would be with any wet signature, the audit trail is a part of the signature and it allows us to help verify the date, place and time and identity of the signatory, which we need to view as part of the opt-in signature verification process.

After hearing that, you offered that if Defendant's stipulated that it would not use the audit trail history to delve into the personal lives of the opt-in plaintiffs, you would be amenable to producing the audit trail history for each DocuSign signature.

To that end, Defendant states that it has no intention of using the DocuSign audit trail history to delve into the personal lives of the opt-in plaintiffs to the extent it is unrelated to their claims in this case. With that representation, please let us know if you will be producing the audit trail history. If not, please let yesterday serve as the meet and confer requirement under Local Rule 7.2(g) and Defendant's will seek court intervention.

Second, we also discussed during the call yesterday that the Company's Pine Bluff facility received a consent form via U.S. Mail addressed to Aurora Smith at the plant.  Pactiv also received two consent forms addressed to Toni Bonton and Tonesha Williams at its Memphis offices. We asked how that happened and to cease sending any class notices and opt-in consent forms to any Pactiv facility.  You expressed surprise and speculated that either we had supplied a work address in the class information or perhaps that a notice had been forwarded by an employee to the Company facility.  We can confirm that we never provided a Pactiv facility address for a collective member and we are not aware of any employee forwarding their personal mail to a Company plant.  Please let us know how it happened on these 3 occasions and confirm that no further notice and consent forms will be delivered to Pactiv.

Thanks,
Matt

**Matthew Ruza**
Attorney at Law
312.795.3274 direct, 248.672.6689 mobile
MRuza@littler.com



Labor & Employment Law Solutions | Local Everywhere
321 N Clark St, Suite 1100, Chicago, IL 60654

**From:** Josh Sanford <josh@sanfordlawfirm.com>
**Sent:** Wednesday, May 31, 2023 10:24 PM
**To:** Gaur, Shanthi <SGaur@littler.com>
**Cc:** Ruza, Matthew <MRuza@littler.com>; Tracy Freeman <tracy@sanfordlawfirm.com>; Daniel Ford <daniel@sanfordlawfirm.com>; Ybarra, John <JYbarra@littler.com>; Mroueh, Yara <YMroueh@littler.com>; Madison, Eva <ECMadison@littler.com>
**Subject:** Re: Wallace, et al. v. Evergreen Packaging -- Notice

Sure



**Josh Sanford**

**Managing Attorney, Sanford Law Firm**

800-615-4946 (Main) | 501-904-1656 (Direct)

josh@sanfordlawfirm.com | www.sanfordlawfirm.com

10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211

Attorneys admitted in courts in AR • CO • IL • MI • MO • ND • NE • NM • OH • OK • TN • TX • WA • WI

🏅 **No. 1 Plaintiff Employment Law Firm in the U.S.** 🏅

    

*This message, and any attachments, is intended for the addressee only. It may contain information which is legally privileged, confidential, and exempt from disclosure  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited by the Electronic Communication Privacy Act at 18 U.S.C. §§ 2510-2521. If you have received this e-mail in error, please notify the sender immediately by telephone at (501) 221-0088 or by return e-mail and delete the message and any attachments.*

On May 31, 2023, at 2:34 PM, Gaur, Shanthi <SGaur@littler.com> wrote:

Thanks – how about 2:00 pm Central on Monday?

**Shanthi Gaur**
Shareholder
312.795.3293 direct, 312.420.0055 mobile, 312.372.7880 fax
SGaur@littler.com

<image001.png>
<image002.png>

Labor & Employment Law Solutions | Local Everywhere
321 N Clark St, Suite 1100, Chicago, IL 60654

**From:** Josh Sanford <josh@sanfordlawfirm.com>
**Sent:** Tuesday, May 30, 2023 6:12 PM
**To:** Gaur, Shanthi <SGaur@littler.com>
**Cc:** Ruza, Matthew <MRuza@littler.com>; Tracy Freeman <tracy@sanfordlawfirm.com>; Daniel Ford <daniel@sanfordlawfirm.com>; Ybarra, John <JYbarra@littler.com>; Mroueh, Yara

<YMroueh@littler.com>; Madison, Eva <ECMadison@littler.com>
**Subject:** Re: Wallace, et al. v. Evergreen Packaging -- Notice

I could do it Monday, but I am traveling this week.

**Josh Sanford**

**Managing Attorney, Sanford Law Firm**

800-615-4946 (Main) | 501-904-1656 (Direct)

josh@sanfordlawfirm.com | www.sanfordlawfirm.com

10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211

Attorneys admitted in courts in AR • CO • IL • MI • MO • ND • NE • NM • OH • OK • TN • TX • WA • WI

 **No. 1 Plaintiff Employment Law Firm in the U.S.**

_This message, and any attachments, is intended for the addressee only. It may contain information which is legally privileged, confidential, and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited by the Electronic Communication Privacy Act at 18 U.S.C. §§ 2510-2521. If you have received this e-mail in error, please notify the sender immediately by telephone at (501) 221-0088 or by return e-mail and delete the message and any attachments._

On May 30, 2023, at 4:21 PM, Gaur, Shanthi <SGaur@littler.com> wrote:

Josh, I am following up on the below.  Please advise if you are available this week to meet and confer about the production of the audit trail history. If we do not receive a response, we will assume you are not willing to discuss and will proceed accordingly.  Thanks.

**Shanthi Gaur**
Shareholder
312.795.3293 direct, 312.420.0055 mobile, 312.372.7880 fax
SGaur@littler.com

<image001.png>
<image002.png>

Labor & Employment Law Solutions | Local Everywhere
321 N Clark St, Suite 1100, Chicago, IL 60654

**From:** Gaur, Shanthi
**Sent:** Wednesday, May 24, 2023 12:40 PM
**To:** Josh Sanford <josh@sanfordlawfirm.com>; Ruza, Matthew <MRuza@littler.com>
**Cc:** Tracy Freeman <tracy@sanfordlawfirm.com>; Daniel Ford <daniel@sanfordlawfirm.com>; Ybarra, John <JYbarra@littler.com>; Mroueh, Yara <YMroueh@littler.com>; Madison, Eva <ECMadison@littler.com>
**Subject:** RE: Wallace, et al. v. Evergreen Packaging -- Notice

Josh, we are not saying that the consents are fraudulent.  As noted below, the audit trail history is missing, or redacted, from the consent forms.  Since your firm has taken on the role of administrator here, we are respectfully requesting this information to

confirm the validity of the consents.  It is certainly appropriate for us to make this request pursuant to our responsibilities as defense counsel, and it is unclear why you would refuse to produce this information.  Please advise.

**Shanthi Gaur**
Shareholder
312.795.3293 direct, 312.420.0055 mobile, 312.372.7880 fax
SGaur@littler.com

<image001.png>
<image002.png>

Labor & Employment Law Solutions | Local Everywhere
321 N Clark St, Suite 1100, Chicago, IL 60654

**From:** Josh Sanford <josh@sanfordlawfirm.com>
**Sent:** Friday, May 19, 2023 5:07 PM
**To:** Ruza, Matthew <MRuza@littler.com>
**Cc:** Tracy Freeman <tracy@sanfordlawfirm.com>; Daniel Ford <daniel@sanfordlawfirm.com>; Ybarra, John <JYbarra@littler.com>; Gaur, Shanthi <SGaur@littler.com>; Mroueh, Yara <YMroueh@littler.com>; Madison, Eva <ECMadison@littler.com>
**Subject:** Re: Wallace, et al. v. Evergreen Packaging -- Notice

No—we don't do that.  If you think they are fraudulent, file a motion.

### Josh Sanford
**Managing Attorney, Sanford Law Firm**

800-615-4946 (Main) | 501-904-1656 (Direct)

josh@sanfordlawfirm.com | www.sanfordlawfirm.com

10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211

Attorneys admitted in courts in AR • CO • IL • MI • MO • ND • NE • NM • OH • OK • TN • TX • WA • WI

🏅 **No. 1 Plaintiff Employment Law Firm in the U.S.** 🏅



*This message, and any attachments, is intended for the addressee only. It may contain information which is legally privileged, confidential, and ex disclosure  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or relian communication is strictly prohibited by the Electronic Communication Privacy Act at 18 U.S.C. §§ 2510-2521. If you have received this e-mail in er notify the sender immediately by telephone at (501) 221-0088 or by return e-mail and delete the message and any attachments.*

On May 19, 2023, at 3:45 PM, Ruza, Matthew <MRuza@littler.com> wrote:

Josh & Daniel:

In reviewing the consent forms you filed this week, we do not see the audit trail history on the signature lines from the consent forms from DocuSign. Can you please provide us with that information as soon as possible?

Thanks,
Matt

**Matthew Ruza**
Attorney at Law
312.795.3274 direct, 248.672.6689 mobile
MRuza@littler.com

<image001.png>

<u><image002.png></u>

Labor & Employment Law Solutions | Local Everywhere
321 N Clark St, Suite 1100, Chicago, IL 60654

**From:** Josh Sanford <josh@sanfordlawfirm.com>
**Sent:** Monday, May 15, 2023 5:05 PM
**To:** Ruza, Matthew <MRuza@littler.com>; Tracy Freeman
<tracy@sanfordlawfirm.com>
**Cc:** Daniel Ford <daniel@sanfordlawfirm.com>; Ybarra, John
<JYbarra@littler.com>; Gaur, Shanthi <SGaur@littler.com>; Mroueh,
Yara <YMroueh@littler.com>; Madison, Eva <ECMadison@littler.com>
**Subject:** Re: Wallace, et al. v. Evergreen Packaging -- Notice

Tracy, please see below

**Josh Sanford**
Managing Attorney, Sanford Law Firm

800-615-4946 (Main) | 501-904-1656 (Direct)

josh@sanfordlawfirm.com | www.sanfordlawfirm.com

10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211

Attorneys admitted in courts in AR • CO • IL • MI • MO • ND • NE • NM • OH • OK • TN • TX • WA • WI

 **No. 1 Plaintiff Employment Law Firm in the U.S.**

— — — — —

*This message, and any attachments, is intended for the addressee only. It may contain information which is legally privileged, confident disclosure  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any actio communication is strictly prohibited by the Electronic Communication Privacy Act at 18 U.S.C. §§ 2510-2521. If you have received this e notify the sender immediately by telephone at (501) 221-0088 or by return e-mail and delete the message and any attachments.*

On May 15, 2023, at 5:01 PM, Ruza, Matthew
<MRuza@littler.com> wrote:

Daniel:

Hope you had a good weekend. Could you please
provide us with a copy of the email notice that was
distributed to the putative collective members?

Thanks,
Matt

**Matthew Ruza**
Attorney at Law
312.795.3274 direct, 248.672.6689 mobile
MRuza@littler.com

<image001.png>
<image002.png>

Labor & Employment Law Solutions | Local Everywhere
321 N Clark St, Suite 1100, Chicago, IL 60654

--------------------------
This email may contain confidential and privileged material for
the sole use of the intended recipient(s). Any review, use,
distribution or disclosure by others is strictly prohibited. If you
are not the intended recipient (or authorized to receive for the
recipient), please contact the sender by reply email and delete
all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice
Littler Global, which operates worldwide through a number of
separate legal entities. Please visit www.littler.com for more
information.


--------------------------
This email may contain confidential and privileged material for the sole
use of the intended recipient(s). Any review, use, distribution or
disclosure by others is strictly prohibited. If you are not the intended
recipient (or authorized to receive for the recipient), please contact the
sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler
Global, which operates worldwide through a number of separate legal
entities. Please visit www.littler.com for more information.

--------------------------
This email may contain confidential and privileged material for the sole use of the intended
recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not
the intended recipient (or authorized to receive for the recipient), please contact the sender by reply
email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates

worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

--------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# EXHIBIT F

**From:** Ruza, Matthew
**Sent:** Wednesday, June 7, 2023 7:18 PM
**To:** Josh Sanford
**Cc:** Gaur, Shanthi; Tracy Freeman; Daniel Ford; Ybarra, John; Mroueh, Yara; Madison, Eva
**Subject:** RE: Wallace, et al. v. Evergreen Packaging -- Notice

Thanks Josh. As to your first point, we've addressed your claims that the trails are not subject to disclosure or needed and that it is "nonsense".  Regardless, it appears we're at impasse and we'll make the appropriate motion to the Court. As to your second point, we understand that your skip trace system identified Pactiv facilities as the personal address for a handful of putative collective members where the consent forms were returned as undeliverable. As you recognized, your office should not be sending important personal documents to Pactiv facilities.  Please assure that any glitch in your system is addressed and no more notices and consent forms for class members are not addressed and delivered to Pactiv facilities. We appreciate your cooperation.

Thanks,
Matt

**Matthew Ruza**
Attorney at Law
312.795.3274 direct, 248.672.6689 mobile
MRuza@littler.com



Labor & Employment Law Solutions | Local Everywhere
321 N Clark St, Suite 1100, Chicago, IL 60654

**From:** Josh Sanford <josh@sanfordlawfirm.com>
**Sent:** Wednesday, June 7, 2023 8:20 AM
**To:** Ruza, Matthew <MRuza@littler.com>
**Cc:** Gaur, Shanthi <SGaur@littler.com>; Tracy Freeman <tracy@sanfordlawfirm.com>; Daniel Ford <daniel@sanfordlawfirm.com>; Ybarra, John <JYbarra@littler.com>; Mroueh, Yara <YMroueh@littler.com>; Madison, Eva <ECMadison@littler.com>
**Subject:** Re: Wallace, et al. v. Evergreen Packaging -- Notice

Thanks for your email.

As to the first point: you've not landed where we want you, which is that you won't conduct discovery about information obtained from the audit trails. The audit trails are not discoverable and you don't need them.  They don't prove what you say they prove.  The pursuit of them is nonsense.

As to the second point: it appears you did not hear the words that I said to you on phone: when paper mail is returned to us undeliverable, we use a computer program to seek a new, hopefully correct, address.  It appears that our program directed us towards sending a few letters to the plant or other office.  And while it's not wrong for us to do that, I respect your client's desire to not receive mail from my office, regardless of how it is addressed to an opt-in.

1

Let me caution you now: none of what we have talked about in the past 2 weeks matters at all.  It could appear to a reasonable judge that your side of the case could more efficiently move towards a just resolution (that is based on math) and not spend avoidable time generating fees related to tertiary and weaker issues.

I hope I don't have to include this email as a part of series of emails appended to my motion for fees, where the series of emails repeatedly requests that you not vexatiously increase fees.

Thanks,
Josh



**Josh Sanford**

**Managing Attorney, Sanford Law Firm**

800-615-4946 (Main) | 501-904-1656 (Direct)

josh@sanfordlawfirm.com | www.sanfordlawfirm.com

10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211

Attorneys admitted in courts in AR • CO • IL • MI • MO • ND • NE • NM • OH • OK • TN • TX • WA • WI

 **No. 1 Plaintiff Employment Law Firm in the U.S.**

    

*This message, and any attachments, is intended for the addressee only. It may contain information which is legally privileged, confidential, and exempt from disclosure  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited by the Electronic Communication Privacy Act at 18 U.S.C. §§ 2510-2521. If you have received this e-mail in error, please notify the sender immediately by telephone at (501) 221-0088 or by return e-mail and delete the message and any attachments.*

On Jun 6, 2023, at 3:06 PM, Ruza, Matthew <MRuza@littler.com> wrote:

Josh:

Thanks for the time to meet and confer via telephone yesterday. To summarize our conversation, we first addressed your refusal to supply the audit trail history for each of the DocuSign signatures on the consent forms. We explained that the audit trail is certainly part of the electronic DocuSign signature. You expressed concerns that that may be discovery. You expressed concerns about relevancy and delving into opt-in plaintiff's personal information, such as the nature of their email addresses, why they signed the consent forms at times, and other personal information that may not be relevant to the case. We explained why the DocuSign audit trail is part of the opt-in consent process. Because there is no paper signature and date, as there would be with any wet signature, the audit trail is a part of the signature and it allows us to help verify the date, place and time and identity of the signatory, which we need to view as part of the opt-in signature verification process.

After hearing that, you offered that if Defendant's stipulated that it would not use the audit trail history to delve into the personal lives of the opt-in plaintiffs, you would be amenable to producing the audit trail history for each DocuSign signature.

To that end, Defendant states that it has no intention of using the DocuSign audit trail history to delve into the personal lives of the opt-in plaintiffs to the extent it is unrelated to their claims in this case. With that representation, please let us know if you will be producing the audit trail history. If not, please

let yesterday serve as the meet and confer requirement under Local Rule 7.2(g) and Defendant's will seek court intervention.

Second, we also discussed during the call yesterday that the Company's Pine Bluff facility received a consent form via U.S. Mail addressed to Aurora Smith at the plant.  Pactiv also received two consent forms addressed to Toni Bonton and Tonesha Williams at its Memphis offices. We asked how that happened and to cease sending any class notices and opt-in consent forms to any Pactiv facility.  You expressed surprise and speculated that either we had supplied a work address in the class information or perhaps that a notice had been forwarded by an employee to the Company facility.  We can confirm that we never provided a Pactiv facility address for a collective member and we are not aware of any employee forwarding their personal mail to a Company plant.  Please let us know how it happened on these 3 occasions and confirm that no further notice and consent forms will be delivered to Pactiv.

Thanks,
Matt

**Matthew Ruza**
Attorney at Law
312.795.3274 direct, 248.672.6689 mobile
MRuza@littler.com

<image001.png>
<image002.png>

Labor & Employment Law Solutions | Local Everywhere
321 N Clark St, Suite 1100, Chicago, IL 60654

**From:** Josh Sanford <josh@sanfordlawfirm.com>
**Sent:** Wednesday, May 31, 2023 10:24 PM
**To:** Gaur, Shanthi <SGaur@littler.com>
**Cc:** Ruza, Matthew <MRuza@littler.com>; Tracy Freeman <tracy@sanfordlawfirm.com>; Daniel Ford <daniel@sanfordlawfirm.com>; Ybarra, John <JYbarra@littler.com>; Mroueh, Yara <YMroueh@littler.com>; Madison, Eva <ECMadison@littler.com>
**Subject:** Re: Wallace, et al. v. Evergreen Packaging -- Notice

Sure


**Josh Sanford**
**Managing Attorney, Sanford Law Firm**

—   800-615-4946 (Main) | 501-904-1656 (Direct)

josh@sanfordlawfirm.com | www.sanfordlawfirm.com

10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211


Attorneys admitted in courts in AR • CO • IL • MI • MO • ND • NE • NM • OH • OK • TN • TX • WA • WI

 **No. 1 Plaintiff Employment Law Firm in the U.S.**

*This message, and any attachments, is intended for the addressee only. It may contain information which is legally privileged, confidential, and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited by the Electronic Communication Privacy Act at 18 U.S.C. §§ 2510-2521. If you have received this e-mail in error, please notify the sender immediately by telephone at (501) 221-0088 or by return e-mail and delete the message and any attachments.*

On May 31, 2023, at 2:34 PM, Gaur, Shanthi <SGaur@littler.com> wrote:

Thanks – how about 2:00 pm Central on Monday?

**Shanthi Gaur**
Shareholder
312.795.3293 direct, 312.420.0055 mobile, 312.372.7880 fax
SGaur@littler.com

<image001.png>
<image002.png>

Labor & Employment Law Solutions | Local Everywhere
321 N Clark St, Suite 1100, Chicago, IL 60654

**From:** Josh Sanford <josh@sanfordlawfirm.com>
**Sent:** Tuesday, May 30, 2023 6:12 PM
**To:** Gaur, Shanthi <SGaur@littler.com>
**Cc:** Ruza, Matthew <MRuza@littler.com>; Tracy Freeman <tracy@sanfordlawfirm.com>; Daniel Ford <daniel@sanfordlawfirm.com>; Ybarra, John <JYbarra@littler.com>; Mroueh, Yara <YMroueh@littler.com>; Madison, Eva <ECMadison@littler.com>
**Subject:** Re: Wallace, et al. v. Evergreen Packaging -- Notice

I could do it Monday, but I am traveling this week.

**Josh Sanford**
**Managing Attorney, Sanford Law Firm**

800-615-4946 (Main) | 501-904-1656 (Direct)

josh@sanfordlawfirm.com | www.sanfordlawfirm.com

10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211

Attorneys admitted in courts in AR • CO • IL • MI • MO • ND • NE • NM • OH • OK • TN • TX • WA • WI

 **No. 1 Plaintiff Employment Law Firm in the U.S.**

*This message, and any attachments, is intended for the addressee only. It may contain information which is legally privileged, confidential, and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any action or reliance on this communication is strictly prohibited by the Electronic Communication Privacy Act at 18 U.S.C. §§ 2510-2521. If you have received this e-mail in error, please notify the sender immediately by telephone at (501) 221-0088 or by return e-mail and delete the message and any attachments.*

On May 30, 2023, at 4:21 PM, Gaur, Shanthi <SGaur@littler.com> wrote:

Josh, I am following up on the below.  Please advise if you are available this week to meet and confer about the production of the audit trail

history. If we do not receive a response, we will assume you are not willing to discuss and will proceed accordingly.  Thanks.

**Shanthi Gaur**
Shareholder
312.795.3293 direct, 312.420.0055 mobile, 312.372.7880 fax
SGaur@littler.com

<image001.png>
<image002.png>

Labor & Employment Law Solutions | Local Everywhere
321 N Clark St, Suite 1100, Chicago, IL 60654

**From:** Gaur, Shanthi
**Sent:** Wednesday, May 24, 2023 12:40 PM
**To:** Josh Sanford <josh@sanfordlawfirm.com>; Ruza, Matthew <MRuza@littler.com>
**Cc:** Tracy Freeman <tracy@sanfordlawfirm.com>; Daniel Ford <daniel@sanfordlawfirm.com>; Ybarra, John <JYbarra@littler.com>; Mroueh, Yara <YMroueh@littler.com>; Madison, Eva <ECMadison@littler.com>
**Subject:** RE: Wallace, et al. v. Evergreen Packaging -- Notice

Josh, we are not saying that the consents are fraudulent.  As noted below, the audit trail history is missing, or redacted, from the consent forms.  Since your firm has taken on the role of administrator here, we are respectfully requesting this information to confirm the validity of the consents.  It is certainly appropriate for us to make this request pursuant to our responsibilities as defense counsel, and it is unclear why you would refuse to produce this information.  Please advise.

**Shanthi Gaur**
Shareholder
312.795.3293 direct, 312.420.0055 mobile, 312.372.7880 fax
SGaur@littler.com

<image001.png>
<image002.png>

Labor & Employment Law Solutions | Local Everywhere
321 N Clark St, Suite 1100, Chicago, IL 60654

**From:** Josh Sanford <josh@sanfordlawfirm.com>
**Sent:** Friday, May 19, 2023 5:07 PM
**To:** Ruza, Matthew <MRuza@littler.com>
**Cc:** Tracy Freeman <tracy@sanfordlawfirm.com>; Daniel Ford <daniel@sanfordlawfirm.com>; Ybarra, John <JYbarra@littler.com>; Gaur, Shanthi <SGaur@littler.com>; Mroueh, Yara <YMroueh@littler.com>; Madison, Eva <ECMadison@littler.com>
**Subject:** Re: Wallace, et al. v. Evergreen Packaging -- Notice

No—we don't do that.  If you think they are fraudulent, file a motion.

### Josh Sanford

**Managing Attorney, Sanford Law Firm**

800-615-4946 (Main) | 501-904-1656 (Direct)

josh@sanfordlawfirm.com | www.sanfordlawfirm.com

10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211

Attorneys admitted in courts in AR • CO • IL • MI • MO • ND • NE • NM • OH • OK • TN • TX • WA • WI

🏅 **No. 1 Plaintiff Employment Law Firm in the U.S.** 🏅
– – – – –

*This message, and any attachments, is intended for the addressee only. It may contain information which is legally privileged, confident disclosure  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or any actio communication is strictly prohibited by the Electronic Communication Privacy Act at 18 U.S.C. §§ 2510-2521. If you have received this e notify the sender immediately by telephone at (501) 221-0088 or by return e-mail and delete the message and any attachments.*

On May 19, 2023, at 3:45 PM, Ruza, Matthew <MRuza@littler.com> wrote:


Josh & Daniel:

In reviewing the consent forms you filed this week, we do not see the audit trail history on the signature lines from the consent forms from DocuSign. Can you please provide us with that information as soon as possible?

Thanks,
Matt

**Matthew Ruza**
Attorney at Law
312.795.3274 direct, 248.672.6689 mobile
MRuza@littler.com

<image001.png>

<image002.png>

Labor & Employment Law Solutions | Local Everywhere
321 N Clark St, Suite 1100, Chicago, IL 60654

**From:** Josh Sanford <josh@sanfordlawfirm.com>
**Sent:** Monday, May 15, 2023 5:05 PM
**To:** Ruza, Matthew <MRuza@littler.com>; Tracy Freeman <tracy@sanfordlawfirm.com>
**Cc:** Daniel Ford <daniel@sanfordlawfirm.com>; Ybarra,

John <JYbarra@littler.com>; Gaur, Shanthi
<SGaur@littler.com>; Mroueh, Yara
<YMroueh@littler.com>; Madison, Eva
<ECMadison@littler.com>
**Subject:** Re: Wallace, et al. v. Evergreen Packaging --
Notice

Tracy, please see below

### Josh Sanford

**Managing Attorney, Sanford Law Firm**

800-615-4946 (Main) | 501-904-1656 (Direct)

josh@sanfordlawfirm.com | www.sanfordlawfirm.com

10800 Financial Centre Parkway, Suite 510
Little Rock, AR 72211

Attorneys admitted in courts in AR • CO • IL • MI • MO • ND • NE • NM • OH • OK • TN • TX • WA • WI

 **No. 1 Plaintiff Employment Law Firm in the U.S.**

— — — — —

*This message, and any attachments, is intended for the addressee only. It may contain information which is legally privileged,*
*disclosure  If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, use or*
*communication is strictly prohibited by the Electronic Communication Privacy Act at 18 U.S.C. §§ 2510-2521. If you have rece*
*notify the sender immediately by telephone at (501) 221-0088 or by return e-mail and delete the message and any attachmen*

> On May 15, 2023, at 5:01 PM, Ruza,
> Matthew <MRuza@littler.com> wrote:
>
> Daniel:
>
> Hope you had a good weekend. Could
> you please provide us with a copy of the
> email notice that was distributed to the
> putative collective members?
>
> Thanks,
> Matt
>
> **Matthew Ruza**
> Attorney at Law
> 312.795.3274 direct, 248.672.6689
> mobile
> MRuza@littler.com
>
> <image001.png>
> <image002.png>
>
> Labor & Employment Law Solutions |

Local Everywhere
321 N Clark St, Suite 1100, Chicago, IL
60654

---------------------------
This email may contain confidential and
privileged material for the sole use of the
intended recipient(s). Any review, use,
distribution or disclosure by others is strictly
prohibited. If you are not the intended
recipient (or authorized to receive for the
recipient), please contact the sender by reply
email and delete all copies of this message.

Littler Mendelson, P.C. is part of the
international legal practice Littler Global,
which operates worldwide through a number
of separate legal entities. Please
visit www.littler.com for more information.

---------------------------
This email may contain confidential and privileged
material for the sole use of the intended recipient(s).
Any review, use, distribution or disclosure by others is
strictly prohibited. If you are not the intended recipient
(or authorized to receive for the recipient), please
contact the sender by reply email and delete all copies
of this message.

Littler Mendelson, P.C. is part of the international legal
practice Littler Global, which operates worldwide
through a number of separate legal entities. Please
visit www.littler.com for more information.

---------------------------
This email may contain confidential and privileged material for the sole use of the
intended recipient(s). Any review, use, distribution or disclosure by others is
strictly prohibited. If you are not the intended recipient (or authorized to receive
for the recipient), please contact the sender by reply email and delete all copies
of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global,
which operates worldwide through a number of separate legal entities. Please
visit www.littler.com for more information.

---------------------------
This email may contain confidential and privileged material for the sole use of the intended
recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not
the intended recipient (or authorized to receive for the recipient), please contact the sender by reply
email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates
worldwide through a number of separate legal entities. Please visit www.littler.com for more
information.

---------------------------
This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

# EXHIBIT G

Products (/s/)          Community (/s/community)          Resources          Get Support (/s/contactsupport)

**Contents**

Collapse All          Expand All

Introduction to the DocuSign Insight User Guide (https://support.docusign.com/s/document-item?bundleId=zzg1606752647158&topicId=ceo1606752471788.html&_LANG=enus)

Getting Started with DocuSign Insight: Dashboard, Preferences, Global Header, and the Notification Center (https://support.docusign.com/s/document-item?bundleId=zzg1606752647158&topicId=zwo1606752472029.html&_LANG=enus)

DocuSign Insight Search Functionality (https://support.docusign.com/s/document-item?bundleId=zzg1606752647158&topicId=jvp1606752495631.html&_LANG=enus)

DocuSign Insight Contracts View (https://support.docusign.com/s/document-item?bundleId=zzg1606752647158&topicId=bkr1647436220249.html&_LANG=enus)

Document Detail View (https://support.docusign.com/s/document-item?bundleId=zzg1606752647158&topicId=qyn1615383655148.html&_LANG=enus)

Components of the Labels Panel (https://support.docusign.com/s/document-item?bundleId=zzg1606752647158&topicId=udh1615384100986.html&_LANG=enus)

View Assignment History for a Contract (https://support.docusign.com/s/document-item?bundleId=zzg1606752647158&topicId=ttr1606752560502.html&_LANG=enus)

DocuSign Insight User Guide v8.2.2.0



# View a Contract's **Audit Trail**

Also in **DocuSign Insight User Guide v8.2.2.0** ⌄          Mar 31, 2023          1 min read          Tags          Insight

In **Document Detail** view, you can access the audit trail for a contract from the **Labels** panel.

1. Select a contract file name from the **Dashboard** view or **Contracts** view.

   The **Document Detail** view opens.

2. Select **AUDIT TRAIL** at the bottom of the **Labels** panel.

   The contract's change log (Editor, Date, Entry, Changed To details) displays.



3. Review the contract's change log as needed.

4. Select **AUDIT TRAIL** again to close the window.

You have reviewed the contract's audit trail.

---

⟨ Prev

[View Assignment History for a Contract (https://support.docusign.com/s/document-item?bundleId=zzg1606752647158&topicId=ttr1606752560502.html&_LANG=enus)](#)

Next ⟩

[Components of the Document View Panel (https://support.docusign.com/s/document-item?bundleId=zzg1606752647158&topicId=nya1615384121413.html&_LANG=enus)](#)

By clicking "Accept All Cookies", you agree to the storing of cookies on your device to enhance site navigation, analyze site usage, and assist in our marketing efforts.

**Cookies Settings**

**Accept All Cookies**

**bundleId=zzg1606752647158&topicId=vvh1606752561471.html&_LANG=enus)**

**Products (/s/)**          **Community (/s/community)**          **Get Support (/s/contactSupport)**

Components of the Document
View Panel
(https://support.docusign.com/s/document-item?
bundleId=zzg1606752647158&topicId=nya1615384121413.html&_LANG=enus)

Return to Search Result Table
from the Document Detail View
(https://support.docusign.com/s/document-item?
bundleId=zzg1606752647158&topicId=zqu1606752578194.html&_LANG=enus)

Document Families
(https://support.docusign.com/s/document-item?
bundleId=zzg1606752647158&topicId=fgg1606752579072.html&_LANG=enus)

View Near-Duplicate Contracts
(https://support.docusign.com/s/document-item?
bundleId=zzg1606752647158&topicId=lsx1606752593518.html&_LANG=enus)

The Contract Review Process
(https://support.docusign.com/s/document-item?
bundleId=zzg1606752647158&topicId=jlz1606752594105.html&_LANG=enus)

Analytics-Ready Contracts
(https://support.docusign.com/s/document-item?
bundleId=zzg1606752647158&topicId=oaa1646242844112.html&_LANG=enus)

Appendix A: Language Detection
and Contract Translation
(https://support.docusign.com/s/document-item?
bundleId=zzg1606752647158&topicId=ctt1606752626223.html&_LANG=enus)

Appendix B: Using Label Views
(https://support.docusign.com/s/document-item?
bundleId=zzg1606752647158&topicId=maa1606752626505.html&_LANG=enus)

By clicking "Accept All Cookies", you agree to the storing of cookies on your device to enhance site navigation, analyze site usage, and assist in our marketing efforts.

bundleId=zzg1606752647158&topicId=xso1606752499895.html&_LANG=enus)

Appendix D: Open Downloaded Contract Labels in Excel (https://support.docusign.com/s/document-item?bundleId=zzg1606752647158&topicId=luc1606752640709.html&_LANG=enus)

Was this helpful?

Yes | No

**Related Content:**

[Components of the Labels Panel](https://support.docusign.com/s/document-item?bundleId=zzg1606752647158&topicId=udh1615384100986.html&_LANG=enus)

[View Assignment History for a Contract](https://support.docusign.com/s/document-item?bundleId=zzg1606752647158&topicId=ttr1606752560502.html&_LANG=enus)

GET SUPPORT

Contact Support (/s/contactSupport)

Support Community (/s/community)

RESOURCES

Downloads (/s/downloads)

Developer Center (https://developers.docusign.com)

LEARNING

DocuSign University (/s/redirect?destination=dsucustomers)

Knowledge Market (/s/redirect?destination=knowledgemarket)

Trust Center (https://www.docusign.com/trust)

MORE

Support Plans (https://www.docusign.com/features-and-benefits/support-plans-pricing)

Docusign.com (https://docusign.com)

By clicking "Accept All Cookies", you agree to the storing of cookies on your device to enhance site navigation, analyze site usage, and assist in our marketing efforts.