IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TAIWAN WALLACE, ROGER DAVIS,**  **PLAINTIFFS**
**MICHAEL STURDIVANT, GLEN FLOYD,**
**EMILY COLSON, BRODERICK BURNETT**
**and BRIDGETTE TATE, Individually and**
**on Behalf of All Others Similarly Situated**

vs.                         No. 4:22-cv-337-KGB

**EVERGREEN PACKAGING, LLC**                **DEFENDANT**

### RESPONSE TO MOTION TO COMPEL DOCUSIGN AUDIT TRAIL HISTORY FOR OPT-IN PLAINTIFF CONSENT FORMS

Defendant's Motion to Compel DocuSign Audit Trail History for Opt-in Plaintiff Consent Forms ("Motion to Compel") (ECF No. 87) stems from a false equivalence based in inapplicable law. As such, it is a baseless waste of time and an abuse of the judicial system. The Motion to Compel rests on the wrong assumption that an electronic signature is more than the words on the page. According to Defendant, a full electronic signature includes an audit trail that provides personal and irrelevant information. According to the law, however, an electronic signature is exactly that—a signature. *See* 15 U.S.C.S. § 7006(5) ("The term 'electronic signature' means an electronic sound, symbol, or process, attached to or logically associated with a contract or other record and executed or adopted by a person with the intent to sign the record."). Defendant does not allege that the signatures are fraudulent or otherwise need to be authenticated, and accordingly has provided no factual or procedural basis for why audit trails are necessary. Likewise, while the Motion to Compel is replete with citations to

Page 1 of 9
Taiwan Wallace, et al. v. Evergreen Packaging, LLC
U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB
Response to Defendant's Motion to Compel
DocuSign Audit Trail History for Opt-in Plaintiff Consent Forms

case law regarding the role of class administrators and the function of a consent to join, Defendant does provide any legal support whatsoever for its basic contention that electronic signatures are incomplete without audit trails.

### A. Electronic signatures do not require audit trails.

Courts in Arkansas and across the nation have habitually approved electronic signatures on consent to join forms such that it is essentially routine practice. *See, e.g.*, *Adkinson v. Tiger Eye Pizza, LLC*, No. 4:19-cv-4007, 2019 U.S. Dist. LEXIS 178897, at *27–28 (W.D. Ark. Oct. 16, 2019) ("The FLSA does not contain a physical signature requirement but, rather, requires only that opt-in consent be 'in writing.' We live in a time when all manner of…transactions are routinely cemented by electronic submission. Indeed, individuals today routinely enter into any number of agreements electronically using various websites, software packages, and mobile phone applications. Thus, this Court and others within Arkansas have, of late, allowed electronic signatures . . . in FLSA cases.") (citing *Harrison v. Hog Taxi, LLC*, No. 5:19-CV-05025, 2019 U.S. Dist. LEXIS 153980 (W.D. Ark. Sep. 10, 2019); *McChesney v. Holtger Bros., Inc.*, No. 4:17-cv-00824-KGB, 2019 U.S. Dist. LEXIS 2435 (E.D. Ark. Jan. 7, 2019)). Not a single one of these Courts required the production of audit trails to accompany the electronic signature.[1]

As shown in the single case that Defendant offers in support of its argument, case law supports the use of audit trails in one very specific circumstance: audit trails may offer proof that a document was signed by a particular person when whether a particular person signed something is in dispute, but electronic signatures are valid

---

[1] At least, Plaintiffs' counsel could not find a single case and assumes that Defendant couldn't either since assumedly it would have mentioned it in the briefing.

Page 2 of 9
Taiwan Wallace, et al. v. Evergreen Packaging, LLC
U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB
Response to Defendant's Motion to Compel
DocuSign Audit Trail History for Opt-in Plaintiff Consent Forms

without reference to audit trails or any other authenticating device. *See Holley v. Bitesquad*, 416 F. Supp. 3d 809, 820 (E.D. Ark. 2019); *see also* 15 U.S.C. § 7001(a) (giving electronic signatures equal effect with nonelectronic signatures without additional requirements). And that is all that an audit trail is—it's an authentication device. It may be used to verify the authenticity of a signature; it is patently and unequivocally not part of the signature itself. Claiming that an audit trail is part of a signature is like claiming a notary stamp is part of a wet signature and therefore no wet signature is complete unless it's accompanied by a notary stamp. This is, of course, nonsense.

*Holley* absolutely does not stand for the proposition that audit trails are part of an electronic signature, nor that they should be routinely provided to any party. *See generally, Id*. Defendant has no basis to demand audit trails for every consent filed in this case because Defendant has not challenged the authenticity of any of the consent forms, and apparently does not intend to do so. *See* Mot. to Compel, p. 3. Accordingly, Defendant has not identified any basis under which it is entitled to audit trails for Opt-in Plaintiff consent forms.

In the only case Plaintiffs could locate that addressed audit trails in the consent-to-join context, the Eastern District of Kentucky denied the defendant's request to include audit trails on electronically signed consents "[i]in the interest of judicial resources." *Brewer v. All. Coal, LLC*, No. 20-41-DLB, 2021 U.S. Dist. LEXIS 158730, at *11 (E.D. Ky. Aug. 23, 2021).[2] The court stated that it had "little interest in processing these potentially copious 'audit trails' without a supporting demonstration of necessity,"

---

[2] The *Brewer* defendant raised the issue of audit trails *before* the Court approved dissemination of notice, which is the proper time to raise this issue. *See* Section C, *infra*.

Page 3 of 9
Taiwan Wallace, et al. v. Evergreen Packaging, LLC
U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB
Response to Defendant's Motion to Compel
DocuSign Audit Trail History for Opt-in Plaintiff Consent Forms

and noted that the Court could direct the plaintiff's counsel to produce audit trails on a case-by-case basis if the defendant challenged any of the signatures. *Id*. at *11–12. The court concluded that "broadly requiring Plaintiff's counsel to provide an 'audit trail' for every submission and requiring the Court to process those documents for every submission is unduly burdensome." *Id*.

In *Brewer*, the defendant raised additional concerns regarding the use of DocuSign, arguing that it does not provide a mechanism by which to verify the identity of the signor. *Brewer*, 2021 U.S. Dist. LEXIS 158730, at *10–11. The Court responded that "neither does the postal service, nor does a printed and scanned form submitted via email, and nor does a facsimile—all being submission methods to which Defendants have agreed." *Id*. Here, Defendant is perfectly willing to accept that wet signatures on consents were signed by the person who claims to have signed them but demands additional proof for the electronic signatures. It's worth noting (hopefully without opening the door to even more unnecessary motions practice regarding verification of signatures) that it's actually easier to forge a signature on a hard copy of a consent and mail it in because the signor doesn't need access to the intended recipient's email before he or she signs. Courts do not require wet signatures on consents to be notarized or otherwise authenticated; neither should they require electronic consents to be supported by audit trails without a showing of necessity.

**B. Audit trails are not obtainable through discovery.**

The information contained in the audit trails is both privileged information and irrelevant to Defendant's defense in this case and is therefore undiscoverable. Fed. R. Civ. P. 26(b)(1) (limiting discovery to "any nonprivileged matter that is relevant to any

Page 4 of 9
Taiwan Wallace, et al. v. Evergreen Packaging, LLC
U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB
Response to Defendant's Motion to Compel
DocuSign Audit Trail History for Opt-in Plaintiff Consent Forms

party's claim or defense and proportional to the needs of the case."). According to DocuSign[3], the information provided in an audit trail includes not only the account name, email, and time and date of signature, but also a certain amount of billing and billing address information as well as general account information such as who else shares the account and what sort of plan the user is on.[4] There is no reasonable argument Defendant can make that this is relevant or nonprivileged information.

The signature on the consent form is essentially a contract between the Opt-in Plaintiff who signed and Plaintiff's counsel. *See* Notice, ECF No. 18-1 ("If you choose to join this suit, the named Plaintiffs through their attorney will represent your interests."). The time, date, place and particulars of the formation of this contract are squarely within attorney-client privilege and are therefore undiscoverable by Defendant. *See United States v. Horvath*, 731 F.2d 557, 561 (8th Cir. 1984) ("The attorney-client privilege extends only to confidential communications made for the purpose of facilitating the rendition of *legal* services to the client."). Moreover, Defendant has not provided any evidence that the information contained in the audit trails is necessary to mount a proper defense. The only reason Defendant could reasonably expect to receive this information is if it challenged the veracity of the signatures on the consents, which Defendant has not done.

Again basing its argument on the unsupported and wrong assumption that an audit trail is part and parcel with an electronic signature, Defendant makes bold

---

[3] Plaintiffs' counsel has used both DocuSign and other similar programs to obtain electronic signatures, in this and other cases, including but not limited to a program called PandaDoc. The information contained in and the exportability of audit trails for these programs may differ from one another.

[4] See https://support.docusign.com/s/document-item?language=en_US&rsc_301=&bundleId=pik1583277475390&topicId=vit1583277397519.html&_LANG=enus (last visited June 23, 2023).

Page 5 of 9
Taiwan Wallace, et al. v. Evergreen Packaging, LLC
U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB
Response to Defendant's Motion to Compel
DocuSign Audit Trail History for Opt-in Plaintiff Consent Forms

accusations regarding Plaintiffs' counsel's role as "notice administrator," but offers no evidence that even a third-party administrator would provide the sort of information Defendant believes itself to be entitled to. Defendant appears to be at least somewhat motivated by a general sense of injustice that Plaintiffs' counsel is privy to the information in the audit trails and Defendant's counsel is not, but as stated above, Plaintiffs' counsel is actively representing the Opt-in Plaintiffs who have signed consents and therefore is entitled to the information surrounding the formation of that representation. Defendant's counsel is not.

By tacitly endorsing plaintiffs' counsels as notice administrator, courts recognize that plaintiffs' counsels, as class representation, are entitled to certain information that defendants' counsels are not. *See, e.g.*, *Crosby v. Stage Stores, Inc.*, 348 F. Supp. 3d 742, 751 (M.D. Tenn. 2018) ("In regards to whether a third-party administrator, rather than Plaintiffs' counsel, should provide notice and protect the potential plaintiffs' confidential information, the Court finds that employment of a third party administrator is unnecessary."); *Wysincavage v. Penn Nat'l Gaming*, No. 2:16-cv-1063, 2017 U.S. Dist. LEXIS 186786, at *21 (S.D. Ohio Oct. 23, 2017) ("The Court agrees that it is not appropriate for Plaintiffs to incur the expense of a claims administrator at this point, and it trusts that counsel for both parties will deal with any personal information of the Putative Class with due care.").

Because Plaintiffs' counsel is representing Opt-in Plaintiffs in this matter, Plaintiffs' counsel may retain the information contained in the audit trails while that information remains undiscoverable to Defendant. Defendant's presumptuous statement that "[a]ny neutral Third-Party Administrator would promptly provide [audit trails]" and

Page 6 of 9
Taiwan Wallace, et al. v. Evergreen Packaging, LLC
U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB
Response to Defendant's Motion to Compel
DocuSign Audit Trail History for Opt-in Plaintiff Consent Forms

that "a Third-Party Administrator would never withhold audit trails from disclosure to either party" is based on nothing other than Defendant's own opinion. In fact, in its Response to Plaintiffs' request for conditional certification, Defendant stridently argued in favor of a third-party administrator for the express purpose that sensitive information would not be available to either party or their counsel. *See* ECF No. 55, p. 33–34 ("Use of a third-party administrator preserves the privacy of putative collective members and requires that the Company produce personal information concerning employees and former employee to only the third-party administrator.").

Notably, Defendant's assumptions regarding third-party administrators may be true in one circumstance: *upon a proper showing of fraud*, the third-party administrator would indeed produce audit trails to verify the electronic signatures if ordered to do so by the Court, as would Plaintiffs' counsel.

**C. Defendant's request for audit trails is untimely.**

As stated above, the proper time for Defendant to raise the issue of signature verification or other issues regarding electronic consents was *before* this Court certified a collective and Plaintiffs disseminated notice. Because it did not do so at the time, Defendant has waived its right to demand any additional information or processes with respect to the notice or consent process.

Defendant had plenty of opportunity to raise concerns regarding signature verification and potential fraud when it responded to Plaintiffs' Motion for Conditional Certification. In fact, Defendant raised many concerns regarding the notice process, including a request that no electronic notice should issue, but raised no concerns about the DocuSign process or request any sort of additional verification on electronic

Page 7 of 9
Taiwan Wallace, et al. v. Evergreen Packaging, LLC
U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB
Response to Defendant's Motion to Compel
DocuSign Audit Trail History for Opt-in Plaintiff Consent Forms

signatures. *See* ECF No. 55. Because it did not do so at a time when the Court could address these concerns, Defendant has waived its right to require audit trails.

### D. Defendant is not prejudiced by not receiving audit trails.

Defendant has not provided an actual reason for it to receive audit trails, and it will suffer no prejudice by not having them. Defendant will be able to fully defend this case without knowing the billing information and personal email address for every Opt-in Plaintiff who signed electronically; audit trails will add nothing to the litigation except additional cost.

Defendant argues that producing audit trails is no undue burden on Plaintiffs because all Plaintiffs have to do is download a list from DocuSign and send it to Defendant's counsel. Once again, Defendant's "reasonable" request simply ignores inconvenient facts. As stated above in Section B, the audit trails contain a whole host of irrelevant and private information to which Defendant is not entitled and has provided no basis for receiving. In order to provide Defendant with audit trails, Plaintiffs would be required to cull and redact the audit trails of over 400 consent forms, a costly and onerous task that serves no real purpose except to drive costs up and bog the case down in expensive and irrelevant litigation. Indeed, given the lack of legal or factual foundation for its request, this is likely Defendant's sole motivation in filing its Motion to Compel. Such petty motivations should not be rewarded. This assertion is particularly ironic given Defendant's unwillingness to serve large-scale and costly discovery to obtain the audit trails. *See* Mot. to Compel, p. 7 n.1.

Page 8 of 9
Taiwan Wallace, et al. v. Evergreen Packaging, LLC
U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB
Response to Defendant's Motion to Compel
DocuSign Audit Trail History for Opt-in Plaintiff Consent Forms

### E. Conclusion

Defendant has provided no basis on which this Court may order the production of audit trails. Audit trails are not "missing" from the electronic signatures because they are not part of the signatures. There is a mechanism by which Defendant may receive audit trails: *upon an adequate showing of fraud*, Defendant may seek audit trails on a case-by-case basis. *Brewer*, 2021 U.S. Dist. LEXIS 158730, at *11. Wholesale production of audit trails is unnecessary, unwarranted, and legally unsupportable.

Respectfully submitted,

**TAIWAN WALLACE, ROGER DAVIS, MICHAEL STURDIVANT, GLEN FLOYD, EMILY COLSON, BRODERICK BURNETT and BRIDGETTE TATE, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 9 of 9
Taiwan Wallace, et al. v. Evergreen Packaging, LLC
U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB
Response to Defendant's Motion to Compel
DocuSign Audit Trail History for Opt-in Plaintiff Consent Forms