## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

TAIWAN WALLACE, ROGER DAVIS,　　　　　　　　　　　　　　　　　PLAINTIFFS
MICHAEL STURDIVANT, GLEN FLOYD,
EMILY COLSON, BRODERICK BURNETT
and BRIDGETTE TATE, Individually and on
Behalf of All Others Similarly Situated

vs.　　　　　　　　　　　Case No. 4:22-cv-337-KGB

EVERGREEN PACKAGING, LLC　　　　　　　　　　　　　　　　　　DEFENDANT

### DEFENDANT'S MOTION FOR LEAVE TO FILE
### REPLY BRIEF IN SUPPORT OF ITS COMPEL THE DOCUSIGN
### AUDIT TRAIL HISTORY FOR OPT-IN PLAINTIFF CONSENT FORMS

Defendant Evergreen Packaging, LLC ("Defendant") requests that the Court grant it leave to file a reply brief in support of its Motion to Compel the DocuSign Audit Trail History for the Opt-In Plaintiff Consent Forms until July 11, 2023, and for its motion states as follows:

1.　　On June 20, 2023, Defendant filed a motion to compel the DocuSign audit trail history for Opt-In Plaintiff consent forms. Plaintiffs responded in opposition to the motion on June 27, 2023. Plaintiffs' opposition argues that the requested audit trails are privileged, and/or only available to Defendant should Defendant prove fraud or the appearance of fraud. Plaintiffs' opposition further argues that Defendant's request is untimely.

2.　　Under the Local Rules and the Court's Initial Scheduling Order, reply briefs are permitted only on motions for summary judgment within seven days of the response; otherwise, leave is required.  *See* Local Rule 7.2(b).  In conformity with the timing of that rule, this motion is brought within seven days of Plaintiff's response.  Defendant had hoped to have the reply finalized to submit contemporaneously with the motion, but, due to the Fourth of July holiday, and pre-arranged travel plans, Defendant is unable to do so. However, doing so is not required. *See Parrish*

*v. Bentonville Sch. Dist.*, No. 5:15-CV-05083, 2016 U.S. Dist. LEXIS 56703, at *19 (W.D. Ark. Apr. 28, 2016) ("Attaching a proposed reply to a motion for leave to file, while not required, likewise does not violate the rules."). While Defendant requests leave to file a reply brief by July 11, 2023, Defendant may file as early as July 7, 2023.

       3.       Plaintiffs' Response raised arguments and new facts to which Defendant should be allowed to respond, and Defendant appreciates the opportunity to share additional information and arguments to refute Plaintiffs' opposition arguments. For example, Plaintiffs argue that Defendant's Motion to Compel is untimely and the issue should have been raised during Plaintiffs' Motion for Conditional Certification briefing. [Dkt. 95]. Defendant's Motion is not untimely as Defendant does not object to the use of electronic signatures, but merely requests that the Court order Plaintiffs' counsel, as the administrators of the notice process, to supply the verification for the consent forms through the DocuSign audit trail. Defendant, as the movant, should be given the last word on its motion. *See, e.g., Bancorp Servs. v. Hartford Life Ins. Co.*, No. 4:00-CV-70 CEJ, 2002 U.S. Dist. LEXIS 27200, at *5 (E.D. Mo. Feb. 13, 2002) (recognizing that "the movant is customarily allowed to have 'the last word'").

       4.       Defendant thus seeks leave to file a reply brief (within the Court's page limitations) by July 11, 2023.

*[signature to follow on next page]*

Dated: July 5, 2023

                                                Respectfully Submitted,

**EVERGREEN PACKAGING, LLC**

John A. Ybarra (admitted *Pro Hac Vice*)
Shanthi V. Gaur
Matthew J. Ruza (admitted *Pro Hac Vice*)
jybarra@littler.com
sgaur@littler.com
mruza@littler.com
LITTLER MENDELSON, P.C.
321 N. Clark Street, Suite 1100
Chicago, Illinois 60654
Tel: 312-372-5520
Fax: 312-372-7880

Eva C. Madison (98183)
emadison@littler.com
LITTLER MENDELSON, P.C.
217 E. Dickson Street, Suite 204
Fayetteville, AR 72701
Tel: 479.582.6100
Fax: 479.582.6111