IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TAIWAN WALLACE, ROGER DAVIS,**                                                        **PLAINTIFFS**
**MICHAEL STURDIVANT, GLEN FLOYD**
**EMILY COLSON, BRODERICK BURNETT**
**and BRIDGETTE TATE, Each Individually and**
**on Behalf of All Others Similarly Situated**

vs.                                          No. 4:22-cv-337-KGB

**EVERGREEN PACKAGING, LLC**                                                           **DEFENDANT**

## MOTION FOR ATTORNEYS' FEES AND COSTS

Consistent with the terms of Named Plaintiffs' contingency agreement, Plaintiffs' counsel are entitled to 40% plus costs of the total settlement amount. As discussed in the Parties' previously filed Motion to Approve Settlement, Plaintiffs' counsel and Defendant have negotiated an attorneys' fee payment of $50,000.00[1]. Accordingly, Plaintiffs' counsel are seeking an award from the Settlement Fund of $136,970.74, equal to approximately 28.9% of the total settlement plus incurred costs of $6,971.14. A spreadsheet setting forth Plaintiff's counsel's incurred costs in detail is attached hereto as Exhibit 1. Combining the separately negotiated fee with the reduced contingency amount of 28.9% equals the contractual agreement between Plaintiffs and counsel.

The enforcement of a contingency arrangement in addition to a statutory award is proper under authoritative precedent. *See Venegas v. Mitchell*, 495 U.S. 82, 87 90 (1990). In *Venegas*, the Supreme Court of the United States stated that while the statute controls

---

[1] Per the terms of the Settlement Agreement, Defendant takes no position on Plaintiffs' request for additional attorneys' fees and costs.

Page 1 of 3
Taiwan Wallace, et al. v. Evergreen Packaging, LLC
U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB
Motion for Attorneys' Fees and Costs

what a defendant must pay, it has no bearing on what the plaintiff must pay his attorney. *Id.* at 90. "What a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the 'reasonable attorney's fee' that a defendant must pay pursuant to a court order." *Id.* The Court noted that nothing in the statute, "by its own force, protects plaintiffs from having to pay what they have contracted to pay, even though their contractual liability is greater than the statutory award they may collect." *Id.* at 89.

A contingency award of 40% has been regularly approved in cases in the Eastern and Western Districts of Arkansas. *See Randall Huff, et al. v. Preferred Family Healthcare Inc.*, 2022 U.S. Dist. LEXIS 21660, at *2 (E.D. Ark. Feb. 7, 2022) (finding on a Motion for Reconsideration that, although plaintiffs' fees and costs were not separately negotiated, a contingency of 40% was reasonable given the facts of the case); see also Order, ECF No. 28, *Donna Allshouse, et al. v. The Joshua Agency, et al.*, Case No. 1:21-cv-1032-SOH (W. D. Ark. 2023); *Webb v. S. Aluminum Mfg. Acquisition, Inc.*, 2022 U.S. Dist. LEXIS 45822, at *10 (W.D. Ark. Mar. 15, 2022).

Plaintiffs' counsel took this case on a contingency basis, bearing the costs of litigation as well as the risk of non-payment for their efforts. The settlement presents the collective with a significant benefit, with each settlement member receiving, on average, over $500.00 in settlement of their claims for rounding violations. By negotiating a separate award of fees and costs, Plaintiffs' counsel has defrayed the total cost to Plaintiffs. Otherwise, Plaintiffs' counsel would have sought the full 40% plus costs contemplated by their contingency agreement with Named Plaintiffs. Thus, Plaintiffs' counsel believe that a settlement with a two-tiered fee structure best promotes the aims

Page 2 of 3
Taiwan Wallace, et al. v. Evergreen Packaging, LLC
U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB
Motion for Attorneys' Fees and Costs

of the FLSA by compromising settlement members' claims as little as possible while also ensuring payment by counsel as contractually agreed.

        Respectfully submitted,

        **TAIWAN WALLACE, ROGER DAVIS, MICHAEL STURDIVANT, GLEN FLOYD, EMILY COLSON, BRODERICK BURNETT and BRIDGETTE TATE, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

        SANFORD LAW FIRM, PLLC
        Kirkpatrick Plaza
        10800 Financial Centre Pkwy, Suite 510
        Little Rock, Arkansas 72211
        Telephone: (501) 221-0088
        Facsimile: (888) 787-2040

        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com

        Sean Short
        Ark. Bar No. 2015079
        sean@sanfordlawfirm.com

Page 3 of 3
Taiwan Wallace, et al. v. Evergreen Packaging, LLC
U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB
Motion for Attorneys' Fees and Costs