IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TAIWAN WALLACE, individually and on
behalf of all others similarly situated                                                        PLAINTIFFS

v.                                    Case No. 4:22-cv-00337-KGB

EVERGREEN PACKAGING, LLC                                                              DEFENDANT

## ORDER

Before the Court is the joint motion to approve settlement and dismiss plaintiffs' claims (Dkt. No. 133) and the motion for attorneys' fees and costs (Dkt. No. 134).  Named plaintiffs Taiwan Wallace, Roger Davis, Michael Sturdivant, Glen Floyd, Emily Colson, Broderick Burnett, and Bridgette Tate, individually and on behalf of all others who returned a signed consent to join the case (collectively "Plaintiffs"), filed this action asserting claims under the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Arkansas Code Annotated § 11-4-201, *et seq*. (Dkt. No. 1).

I.       **Joint Motion To Approve Settlement**

Before the Court is the parties' joint motion to approve settlement (Dkt. No. 133).  This Court approved a collective action, and 545 individuals filed consents to join after notices were mailed (Dkt. No. 133-1, at 1, ¶ 4).  The parties attach to their joint motion the Collective Settlement Agreement For All Claims for the Court's review (Dkt. No. 133-1).

The FLSA was enacted for the purpose of protecting workers from "substandard wages and oppressive working hours." *Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981).  "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies that it was designed to effectuate." *Id.* at 740.

There are two ways in which FLSA wage claims can be settled or compromised by employees. First, an employee may accept full payment of unpaid wages under the supervision of the Secretary of Labor. 29 U.S.C. § 216(c). Second, when employees bring a private action for back wages under the FLSA, the Court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Beauford v. ActionLink, LLC*, 781 F.3d 396, 406 (8th Cir. 2015); *Copeland v. ABB, Inc.*, 521 F.3d 1010, 1014 (8th Cir. 2008). However, most FLSA cases are not compromised under either category but, as here, are instead submitted to the district court for approval and dismissal with prejudice, which would have the same effect as a stipulated judgment.

However, it remains an open question in the Eighth Circuit whether the FLSA requires judicial approval to settle *bona fide* disputes over wages owed. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1026–27 (8th Cir. 2019); *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018). When asked, this Court and others in the Eighth Circuit typically review a proposed FLSA settlement's terms for fairness. *See Younger v. Ctrs. for Youth & Families, Inc.*, Case No. 4:16-cv-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017). Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a *bona fide* dispute. *See id.*; *see also Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (applying "fair, reasonable, and adequate" standard of Federal Rule of Civil Procedure 23(e)(2)).

The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is

2

>reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *see also Anthony v. Concrete Supply Co., Inc.*, Case No. 3:16-cv-00070-TCB, 2017 WL 5639933, at *1 (N.D. Ga. August 23, 2017) (applying the *Dees* approach).

The parties represent that this settlement was the result of arm's length negotiation, conducted by experienced counsel for all parties, after the parties conducted written discovery and certain depositions (Dkt. No. 133, at 1). All parties assert that the settlement terms are reasonable, appropriate, and fair to all (*Id.*). The Collective Settlement Agreement For All Claims is executed by the named plaintiff representatives on behalf of Plaintiffs (Dkt. No. 133-1). The parties propose that, by signing, depositing or cashing the settlement check, Plaintiff members of the collective will release claims identified in the Collective Settlement Agreement For All Claims (*Id.*, at 6-7, ¶¶ 15-17). Any Plaintiff member who does not timely sign and cash the settlement check will not be bound by the terms of the release of claims (*Id.*, at 12, ¶ 26).

At the request of the parties, having reviewed the Collective Settlement Agreement For All Claims, the Court determines that the Collective Settlement Agreement For All Claims both provides Plaintiffs a reasonable recovery and furthers the implementation of the FLSA in the workplace. Further, the Court determines that the service award proposed for each named plaintiff in bringing this case is reasonable and approved, under the circumstances of this case (Dkt. No. 133, at 13). The parties jointly agree on the form of the notice of settlement, and the Court finds the notice adequate and reasonable, under the circumstances of this case (*Id.*, at 14). The Court determines that it has jurisdiction over this dispute and that the terms of the settlement are a fair

and reasonable resolution of a *bona fide* dispute. Therefore, the Court grants the joint motion and dismisses with prejudice the action (*Id.*).

The Court retains jurisdiction for the purpose of enforcing the terms of the Collective Settlement Agreement For All Claims and resolving the issue of attorneys' fees and costs. The Court directs the parties to file, upon completion of the settlement process: (1) a joint status report that shall include, but not be limited to, information received from the claims administrator regarding all unclaimed funds, a list of the names of all Plaintiff members who choose not to cash or deposit their settlement checks, and a list of the names of all Plaintiff members who sign and cash or deposit their settlement checks, agree to the terms of this settlement, and are subject to the Judgment in this case and (2) a joint stipulation of dismissal upon completion of the settlement process.

II.     **Motion For Attorneys' Fees And Costs**

Before the Court is Plaintiffs' counsel's motion for attorneys' fees and costs (Dkt. No. 134). For the following reasons, the Court grants, in part, and denies, in part, the pending motion (*Id.*).

Counsel concedes that Plaintiffs' counsel and defendant Evergreen Packaging, LLC ("Evergreen"), negotiated an attorneys' fee payment of $50,000.00, with Evergreen taking no position on Plaintiffs' counsel's request for additional attorneys' fees and costs (*Id.*, at 1 n.1; *see also* Dkt. No. 133-1, at 10, ¶ 22(b)). Plaintiffs' counsel represents in the motion that they "are seeking an award from the Settlement Fund of $136,970.74, equal to approximately 28.9% of the total settlement plus incurred costs of $6,971.14" (Dkt. No. 134, at 1). Presumably in an effort to justify this request, Plaintiffs' counsel states: "Combining the separately negotiated fee with the reduced contingency amount of 28.9% equals the contractual agreement between Plaintiffs and

4

counsel" (*Id.*). Plaintiffs' counsel states that they "are entitled to 40% plus costs of the total settlement amount" consistent with the terms of a contingency agreement (*Id.*).

The Eighth Circuit has assumed, without deciding, that if FLSA settlements are subject to judicial review, district courts have the authority to ensure that: (1) the attorneys' fees were in fact negotiated separately and without regard to plaintiff's FLSA claim, and (2) there was no conflict of interest between the attorney and his or her client. *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 853–54 (8th Cir. 2021). If the court answers those questions affirmatively, then it lacks the authority under the FLSA to review the settled attorneys' fees. *Barbee*, 927 F.3d at 1027. If, however, the attorneys' fees were not negotiated separately and apart from the merits settlement, the Court may then review the fees for reasonableness. *See Vines*, 9 F.4th 849, 855–57 (reviewing a reduced award of attorney's fees after finding the district court correctly determined the fees were not negotiated separately from the FLSA merits settlement).

What Plaintiffs' counsel proposes is that the settled attorney's fees should be calculated as a percentage of the total settlement amount, with the fees comprising 40% of the total settlement, presumably when the negotiated fee and this additional requested fee are added together. The parties represent that they negotiated a $50,000.00 fee award separately after reaching an agreement on the settlement payments and terms (Dkt. No. 133-1, at 10, ¶ 22(b)). The same is not true for the additional requested fee amount being sought by Plaintiffs' counsel in the amount of $137,500.00 from the settlement amount (*Id.*). When settled attorney's fees are calculated as a percentage of a total FLSA settlement common fund, district courts throughout the Eighth Circuit have found that *Barbee*'s limitation on fee review does not apply because, among other reasons, the fees are necessarily intertwined with the FLSA merits settlement. *Guy v. DMG Installations, Inc.*, Case No. 4:20-cv-00331-SBJ, 2021 WL 4973251, at *5–6 (S.D. Iowa Oct. 22, 2021); *Johnson*

*v. Himagine Sols., Inc.*, Case No. 4:20-cv-00574-SPM, 2021 WL 2634669, at *6 n.3 (E.D. Mo. June 25, 2021); *Sandoval-Osegura v. Harvey Pallets Mgmt. Grp., LLC*, Case No. 4:19-cv-00096-AGF, 2021 WL 2337614, at *2 n.4 (E.D. Mo. June 8, 2021); *Del Toro v. Centene Mgmt. Co., LLC*, Case No. 4:19-cv-02635-JAR, 2021 WL 1784368, at *2 (E.D. Mo. May 5, 2021).

Thus, the Court has authority to review the proposed agreement's percentage-of-the-fund approach to calculating fees, which is appropriate if the fees are fair and reasonable. *Del Toro*, 2021 WL 1784368, at *3. The Court does so while remembering that "where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of attorneys' fees." *Melgar*, 902 F.3d at 779. Rather, the review "requires a certain level of deference . . . to the parties' agreement" and "is more deferential than resolving attorneys' fees in a disputed case." *Id.* at 779–80.

The Eighth Circuit has not offered a specific test for considering the reasonableness of attorney's fees calculated as a percentage of the fund, but district courts in the Eighth Circuit frequently use the following factors set out by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the attorney's preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989); *see also Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931, 944 (8th Cir. 2007) (finding no abuse of discretion where the district court

6

considered the *Johnson* factors in determining the final fee award). The *Johnson* factors overlap almost completely with the factors laid out by the Arkansas Supreme Court for assessing appropriate attorney's fees under state law, such as the AMWA claim in this case. *Chrisco v. Sun Indus., Inc.*, 800 S.W.2d 717, 718–19 (Ark. 1990); *see also All-Ways Logistics, Inc. v. USA Truck, Inc.*, 583 F.3d 511, 520–21 (8th Cir. 2009) (endorsing the use of the *Chrisco* factors in matters of Arkansas state law).

Plaintiffs' counsel represents that it took this case on a contingency basis. The Court observes that the written contingency agreement entered into by Plaintiffs' counsel at the start of this litigation, if one applies to this case, is not before the Court. Plaintiffs' counsel has not submitted it for the Court's review. Also not before the Court are any billing records or summary of billing or work performed for Plaintiffs' counsel, aside from an exhibit that lists purported costs (Dkt. No. 134-1). Further, Plaintiffs' counsel has not explained how the negotiated fee of $50,000.00 came to be or why that negotiated fee does not represent or include the total amount of fees Plaintiffs' counsel claims they are entitled to in this case. *See Francis v. Gamdan Servs. LLC*, Case No. 4:22-cv-00094-BRW, 2022 WL 2990705 (E.D. Ark. July 28, 2022) (examining and rejecting a similarly requested fee). The Court acknowledges that Plaintiffs' counsel has demonstrated his experience in FLSA litigation. The settlement was achieved after the parties exchanged some discovery and took some depositions. However, the motion and record do not permit this Court to evaluate the additional fee amount requested by Plaintiffs' counsel in the light of the *Johnson* factors.

Moreover, the overall 40% attorneys' fees amount represented and requested by Plaintiffs' counsel is higher than the range ordinarily awarded in percentage-of-the-fund cases. *See Caligiuri v. Symantec Corp.*, 855 F.3d 860, 866 (8th Cir. 2017) (noting the ordinary range of 25% to 36%).

For these reasons, the negotiated attorneys' fee payment of $50,000.00 as represented in the Collective Settlement Agreement For All Claims is approved (Dkt. No. 133-1, at 10, ¶ 22(b)). The Court denies without prejudice Plaintiffs' counsel's request for any additional attorneys' fees Plaintiffs' counsel seeks. If Plaintiffs' counsel persists in their request for additional fees, a renewed motion, properly supported, may be filed with the Court for consideration.

There is no objection to requested costs, so costs shall be awarded in the amount of $6,971.14, which Plaintiffs' counsel seeks (Dkt. No. 134).

### III. Conclusion

For these reasons, the Court grants the joint motion to approve settlement and dismiss plaintiffs' claims (Dkt. No. 133) and grants, in part, and denies, in part, the motion for attorneys' fees and costs (Dkt. No. 134), consistent with this Order.

It is so ordered this 17th day of March, 2025.

_Kristine G. Baker_
Kristine G. Baker
Chief United States District Judge