IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TAIWAN WALLACE, ROGER DAVIS,**                          **PLAINTIFFS**
**MICHAEL STURDIVANT, GLEN FLOYD,**
**EMILY COLSON, BRODERICK BURNETT,**
**and BRIDGETTE TATE, Each Individually and**
**on Behalf of All Others Similarly Situated**

vs.                          No. 4:22-cv-337-KGB

**EVERGREEN PACKAGING, LLC**                             **DEFENDANT**

## PLAINTIFFS' RENEWED MOTION FOR AN
## AWARD OF A REASONABLE ATTORNEY'S FEE

In requesting the Court approve 28.9% of the settlement fund as attorney's fees, Plaintiffs seek to bring Plaintiffs' counsel's (SLF) fee award in line with what SLF would recover should it enforce the 40% contingency fee in its representation agreement. In its March 17 Order, the Court expressed concern regarding the enforcement of a 40% contingency fee and requested additional information regarding SLF's billing to ensure the reasonableness of the lodestar. As demonstrated in Plaintiffs' counsel's billing invoice, attached as Exhibit 1, the amount billed in this case is $75,520.00.[1] The Court should approve the additional 28.9% of the settlement fund as fees because a) the complexity, length of this case, and SLF's preclusion from more lucrative cases warrants a 2.38 multiplier on SLF's lodestar; and b) a 40% contingency fee is reasonable for work of this magnitude and complexity.

---

[1] This amount is calculated based on the hourly rates that SLF customarily charges.

Page 1 of 12
Taiwan Wallace, et al. v. Evergreen Packaging, LLC
U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB
Plaintiffs' Renewed Motion for an Award of a Reasonable Attorney's Fee

A.   **Legal Standard**

Courts use two main methods in awarding fees in a large class or collective action. First, courts use the "lodestar" method, "where the court multiplies the number of hours attorneys worked by their hourly rates to come up with a starting point, which can then be adjusted up or down depending on the circumstances of a case." *In re T-Mobile Customer Data Sec. Breach Litig.*, 111 F.4th 849, 858 (8th Cir. 2024) (citing *Keil v. Lopez*, 862 F.3d 685, 700–01 (8th Cir. 2017). Or, the court may use the percentage method, "where the court awards a percentage of the fund that the attorneys helped recover." *Id*. (citing *Keil*, 862 F.3d at 700–01). "It is within the discretion of the district court to choose which method to apply." *Id.* (quoting *Keil*, 862 F.3d at 700–01).

Under either approach, courts must "consider a dozen 'factors' to help determine whether a fee award is reasonable." *Id*. at 858–59 (citing *Keil*, 862 F.3d at 700–01). These factors are known colloquially as the *Johnson* factors because of their first appearance in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 719–20 (5th Cir. 1974), and include the following: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. "The ultimate question, though, is whether the fee is reasonable." *In re T-Mobile Customer Data Sec. Breach Litig.*, 111 F.4th at 859.

Page 2 of 12
Taiwan Wallace, et al. v. Evergreen Packaging, LLC
U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB
Plaintiffs' Renewed Motion for an Award of a Reasonable Attorney's Fee

## A.     The *Johnson* factors support a multiplier on the lodestar.

As shown in the billing invoice, SLF's billing in this case amounts to $75,520.00 based on SLF's customarily requested rates.[2] Invoice, Ex. 1. The Parties have agreed to a fee of $50,000, which the Court has already approved. *See* Order, ECF No. 136. SLF requests an additional award of 28.9% of the total Settlement Fund, which is around $130,000.00. Essentially, SLF requests a multiplier of 2.38 on its lodestar amount. This multiplier is both warranted and reasonable based on the *Johnson* factors as described below.

### 1.     *The time, labor, and skill required, plus the novelty and difficulty of the questions support SLF's fee request.*

Plaintiffs filed their Complaint three years ago in April of 2022. During those three years, the Parties duly litigated the case through the notice process and discovery while

---

[2] SLF recently raised its hourly rates in accordance with the increased experience and value of its attorneys and the rising cost of living. SLF is aware that the rates it requests have been deemed too high by Courts in the Eastern and Western Districts of Arkansas, but the requested rates are not only standard in the industry, they are supported by an inflation calculator of SLF's previously awarded rates. *See* Decl. of Doug Werman ¶ 11–12, attached as Ex. 3 (stating the hourly rates for experienced attorneys in Chicago is between $650 and $1,100 for experienced attorneys). The cost-of-living in Chicago is 17% higher than in Little Rock; a commiserate hourly rate for Little Rock would be around $650. *See also* Decl. of John Kristensen ("Decl. Kristensen") ¶ 16–22, attached as Ex. 4 (stating that Mr. Kristensen and his associates bill between $600 and $775 per hour). Mr. Kristensen's declaration was filed in a case litigated in the Northern District of Alabama but was provided to SLF upon request to file in support of this Motion. The rates were approved by the Court. *See* Order, *McDonald v. SJB Corporation*, No. 2:24-cv-436-MHH (N.D. Ala.), ECF No. 81, Filed 12/17/2024, attached as Ex. 5. Notably, cost of living in Mobile, where *McDonald* was tried, is considered lower than cost of living in Little Rock.

The hourly rates awarded to SLF by the Eastern and Western Districts of Arkansas have been essentially locked in time since 2014. The awarded rates *decreased* in 2020 through 2023, and only marginally rose within the past year. *See, e.g.*, *Whitworth v. French Quarter Partners, LLC*, No. 6:13-CV-6003, 2014 WL 12768333, at *3 (W.D. Ark. Sept. 19, 2014) (awarding Josh Sanford an hourly rate of $275); *Collins v. Barney's Barn, Inc.*, No. 4:12CV00685 SWW, 2014 WL 2770017, at *1 (E.D. Ark. June 18, 2014) (same); *Huffman v. Associated Mgt. Ltd.*, No. 4:20-CV-01296-BRW, 2021 WL 3122338, at *4 (E.D. Ark. July 22, 2021) (awarding Josh Sanford an hourly rate of $250); *Salmon v. XTO Energy Inc.*, No. 4:19-CV-00768-BSM, 2023 WL 8622068, at *2 (E.D. Ark. Dec. 13, 2023) (same); *Holcombe v. Midwest Outdoor Concepts, LLC*, No. 5:22-CV-5161, 2023 WL 3077856, at *2 (W.D. Ark. Apr. 25, 2023) (awarding Josh Sanford an hourly rate of $300). Not only has the cost of living increased significantly in the past 11 years, SLF attorneys have 11 additional years of experience in litigating FLSA cases under their belts and their value as attorneys has risen accordingly. The increased rates are both supported and reasonable.

Page 3 of 12
Taiwan Wallace, et al. v. Evergreen Packaging, LLC
U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB
Plaintiffs' Renewed Motion for an Award of a Reasonable Attorney's Fee

largely managing to limit the Court's intervention in the settlement of the dispute. Despite the lack of briefing and judicial oversight, the Parties navigated complex calculations and issues to arrive at a settlement benefitting all Parties. Plaintiffs' counsel managed the intake, notice, consents, and discovery of almost 550 opt-in plaintiffs. This was a massive endeavor requiring extensive labor and resources, as shown by the category breakdown of the billing invoice. Of the 303.8 hours invested in this case, 84.2 hours (or 27.7% of overall hours) were spent in "collective management." Activities sorted into this category include drafting and filing consents to join, disseminating notice, and managing the administrative work involved in wrangling paperwork and information on behalf of 500+ individuals. Notably, this category does not include fielding questions and concerns from the 500+ individuals; that activity was sorted into "client communication," which constitutes an additional 48.5 hours of labor (or 16.0% of overall hours).

Likewise, discovery in this case took 27.6 hours (9.0% of overall hours). The "discovery" category includes standard procedural discovery requirements such as mandatory disclosures, plus the receipt and review of Defendant's discovery requests, the process of drafting answers and responses, and the defending of depositions. As with collective management, the discovery category does not include SLF's conversations with clients in obtaining discovery answers; those conversations are sorted into client communications. Regardless, the out-of-court management of this case obviously required massive effort and a large dedication of resources. The time and labor involved in reaching a resolution favors a lodestar multiplier.

The complexity of the case also supports a multiplier. At its core, this case is a dispute over which activities amount to compensable work under the FLSA, and whether

Page 4 of 12
Taiwan Wallace, et al. v. Evergreen Packaging, LLC
U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB
Plaintiffs' Renewed Motion for an Award of a Reasonable Attorney's Fee

Plaintiffs were properly compensated for the full amount of time spent at work. Plaintiffs claim that Defendant implemented a timeclock rounding system that shaved hours off every shift they worked for Defendant, which Defendant denies (in all, Defendant pled sixteen affirmative defenses). In characterizing FLSA cases as particularly complex, the Supreme Court singled out similar claims. *Barrentine v. Ark.-Best Freight Sys.*, 450 U.S. 728, 743 (1981) ("FLSA claims typically involve complex mixed questions of fact and law – e. g., what constitutes the 'regular rate,' the 'work-week,' or 'principal' rather than 'preliminary or postliminary' activities."). SLF was able to bring this case to a successful and expedient resolution in part due to it experience with this type of FLSA issue and the complex case law surrounding it. Because "FLSA collective and class matters are inherently complex", this factor favors the requested fee. *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-cv-852, 2019 U.S. Dist. LEXIS 160792, at *13 (S.D. Ohio Sep. 20, 2019).

    2.    *The fees customary in FLSA cases and SLF's preclusion from other work support SLF's fee request.*

The attorneys at SLF are experienced and until recently practiced almost exclusively in the area of wage-and-hour litigation. Declaration of Josh Sanford ("Decl. Sanford") at ¶¶ 13-15, 20, attached as Exhibit 2. Beginning around two years ago, SLF moved in the area of data breach litigation. Successful data breach lawsuits typically result in fee awards based on hourly rates significantly higher than what courts deem reasonable for FLSA lawsuits, with the average hourly rate awarded coming in at $750.00. Decl. of Josh Sanford ("Decl. Sanford") ¶ 15, attached as Ex. 2. SLF's dedication to this lawsuit and the extensive resources required to litigate it successfully precluded SLF from accepting significantly more lucrative work in the form of data breach lawsuits. SLF's

Page 5 of 12
Taiwan Wallace, et al. v. Evergreen Packaging, LLC
U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB
Plaintiffs' Renewed Motion for an Award of a Reasonable Attorney's Fee

preclusion from other work favors a multiplier of the lodestar.

Further, through the filing of this Motion, SLF has billed 303.8 hours of work on this case, totaling $75,520.00 based on the hourly rates SLF routinely charges. Notably, the invoice does not include the time SLF will spend coordinating with Defendant and responding to queries from opt-ins as the Parties execute the settlement agreement. While it is too early to predict how much time and effort will be required to fully and successfully navigate the settlement's execution, based on SLF's previous experience in handling settlements with a large number of opt-ins, the process will be labor-intensive and require extensive dedication of resources to see through.

Likewise, there is value in the fact that SLF billed modestly for a case of this magnitude. The negotiated attorney's fee provided Defendant with a strong incentive to settle early: while it may be substantially higher than the lodestar at the moment the case settled, it is substantially lower than the lodestar would have been if the lawsuit had continued through motions practice or trial. Avoiding "running up the tab" was part of SLF's successful strategy to achieve a positive outcome for the collective. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050 n.5 (9th Cir. 2002) (affirming a fee award of 3.65 times the lodestar amount after protracted litigation and cautioning, "We do not mean to imply that class counsel should necessarily receive a lesser fee for settling a case quickly; in many instances, it may be a relevant circumstance that counsel achieved a timely result for class members in need of immediate relief."); *see also Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 122 (2d Cir. 2005) ("the lodestar creates an unanticipated disincentive to early settlements, tempts lawyers to run up their hours, and compels district courts to engage in a gimlet-eyed review of line-item fee audits.") (internal

Page 6 of 12
Taiwan Wallace, et al. v. Evergreen Packaging, LLC
U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB
Plaintiffs' Renewed Motion for an Award of a Reasonable Attorney's Fee

quotation and editing marks omitted).

At bottom, SLF is requesting a fee equal to approximately 2.38 times their hourly billing (without accounting for future billing related to distributing the settlement fund). That multiplier is reasonable under the circumstances. *See, e.g.*, *In re T-Mobile Customer Data Sec. Breach Litig.*, 111 F.4th at 861 ("Though our court has never held that a particular multiplier is always unreasonable, we have recognized that an award with a multiplier of 5.3 is 'high.'") (quoting *Rawa v. Monsanto Co.*, 934 F.3d 862, 870 (8th Cir. 2019)); *see also Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481-82 (S.D.N.Y. 2013) ("Courts regularly award lodestar multipliers of up to eight times the lodestar, and in some cases, even higher multipliers.") (collecting cases).

In terms of bare dollar amounts, this settlement is similar to the one at issue in *McCurley v. Flowers Foods, Inc.*, No. 5:16-cv-00194-JMC, 2018 U.S. Dist. LEXIS 228496 (D.S.C. Sep. 10, 2018). In *McCurley*, the plaintiffs in a wage-and-hour settlement requested $550,000.00 for attorney's fees and costs out of a total settlement of $1,375,000.00 (i.e., forty percent). *Id*. at *4. In approving the requested fee, the *McCurley* court calculated that it amounted to a "modest" multiplier of 2.02 times the lodestar amount, *Id*. at *20, but that multiplier is deceptive: the lodestar amount used by the *McCurley* court was based on hourly rates of up to $850.00, which is almost twice the highest rate charged by Plaintiff's counsel in this case. *Id*. at *19. Had the court used lower rates, the multiplier would have been much higher than the one requested here.

Accordingly, the customary rates and the amount of work yet-to-be-done in this case justify the requested fee.

3. The contingency basis of this case supports SLF's fee request.

Page 7 of 12
Taiwan Wallace, et al. v. Evergreen Packaging, LLC
U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB
Plaintiffs' Renewed Motion for an Award of a Reasonable Attorney's Fee

Plaintiff's counsel accepted this case on a pure contingency basis. Decl. Sanford at ¶ 22–23. Because SLF bore the costs of the litigation and the risk of nonpayment, this factor favors awarding their requested fee. *See McCurley*, 2018 U.S. Dist. LEXIS 228496, at *12 ("class counsel will receive a reasonable risk-adjustment payment for the contingent risk in this case for the significant time and cost investment."). Courts have consistently found that the inherent risk of nonpayment of contingency arrangements support a multiplier of the lodestar. *See, e.g., Dino v. Pennsylvania*, No. 1:08-cv-01493, 2013 U.S. Dist. LEXIS 174329, at *10–12 (M.D. Pa. Dec. 11, 2013). This factor favors SLF's fee request.

   4. *The results obtained on behalf of Plaintiffs support SLF's fee request.*

The Parties' Settlement Agreement will pay each opt-in plaintiff back pay for every workweek they worked more than 40 hours. This is an excellent result for a group of plaintiffs whose claims would have been vigorously contested through protracted litigation had the case not settled.

The timing of the settlement also adds to its value. The Parties reached their settlement without engaging in protracted motions practice and without the costly process of trial. That efficient resolution increases the value of each settlement payment simply because of the time value of money. It also increases the value of the settlement as a whole because the earlier a collective action is resolved, the more likely it is that potential claimants can be located and given notice of the settlement. This is especially true where the collective consists of hourly-paid, blue-collar workers who may move often. For all of these reasons, the value of the benefit rendered to the plaintiff class tends to show that the requested attorney's fee was well earned.

Page 8 of 12
Taiwan Wallace, et al. v. Evergreen Packaging, LLC
U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB
Plaintiffs' Renewed Motion for an Award of a Reasonable Attorney's Fee

5. *SLF's reputation in the community supports its fee request.*

SLF's work focuses on representing workers in employment matters, and its lawyers focus their practices in the area of the FLSA and similar wage-and-hour cases. Decl. Sanford at ¶ 20. Mr. Sanford has been engaged in private practice since 2001. He has served as lead counsel on hundreds of wage-and-hour actions across more than twenty federal districts and the Fifth, Sixth, and Eighth Circuit Courts of Appeals. *Id*. at ¶¶ 1-8. Mr. Ford practiced in wage-and-hour law for several years under Mr. Sanford, and Mr. Short, who took over the case when Mr. Ford left the Sanford Law Firm, has been practicing wage-and-hour law for nine years. He has tried numerous individual FLSA actions to the bench and to juries and has participated as counsel in dozens of FLSA collective actions. *Id*. at ¶ 19.

Defendant is represented in this matter by the attorneys of Littler Mendelson P.C., which employs more than 1,600 lawyers in over 100 offices worldwide. Defendant's lead counsel in this case, John Ybarra and Matthew Ruza, are Chichago-based partners. *See* Littler website, https://www.littler.com/people (last visited April 14, 2025).

The expertise on both sides of this matter in the risks, challenges, and valuation of FLSA actions was instrumental in bringing about a timely and fair settlement. This factor weighs in favor of the requested fee.

6. *The undesirability of the case and the nature and length of Plaintiffs' relationship with counsel support SLF's fee request.*

"The purpose of the FLSA attorney fees provision is to [ensure] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994) (internal quotation marks omitted). Therefore, "[s]ociety's stake in rewarding attorneys who bring class action

Page 9 of 12
Taiwan Wallace, et al. v. Evergreen Packaging, LLC
U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB
Plaintiffs' Renewed Motion for an Award of a Reasonable Attorney's Fee

wage and hour cases favors the requested award." *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-cv-852, 2019 U.S. Dist. LEXIS 160792, at *13 (S.D. Ohio Sep. 20, 2019). Courts have noted that this type of case in which the individual recovery is relatively small supports a multiplier on the lodestar to incentivize attorneys to take on potentially low-value case work. See generally, *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 148 F.3d 283, 333 (3d Cir. 1998) (citing *In re General Motors Corp. Pick–Up Truck Fuel Tank Products Liability Litigation,* 55 F.3d 768, 821 (3d Cir.1995)). SLF's work is a direct relief to the U.S. Department of Labor's mission to police and enforce wage compliance; this factor favors the multiplier requested.

Further, SLF has managed and maintained a collective of over 500 for over two years. A class of this size is inherently unwieldy, but SLF has maintained a positive and consistent relationship with Plaintiffs through the duration of the case.

**B.     In the alternative, the Court may award SLF the 40% contingency fee.**

Should the Court choose to use the percentage of recovery method of awarding fees, SLF's 40% contingency fee is supported and reasonable in this case. As noted in SLF's Motion for Attorneys' Fees and Costs, ECF No. 134, courts in the Eastern and Western Districts of Arkansas have regularly approved contingency awards of 40%. *See, e.g.*, Order, *Huff v. Preferred Family Healthcare Inc.*, No. 13:19-cv-193-BSM (E.D. Ark.), ECF No. 95; Filed 02/07/2022 (approving on reconsideration attorneys' fees totaling 40% of the settlement fund); Order, *Allshouse v. The Joshua Agency.*, Case No. 1:21-cv-1032-SOH (W. D. Ark. 2023) (approving attorneys' fees totaling 40% of the settlement fund).

The Court has already approved a statutory fee award of $50,000 to SLF, which will come off the top of the settlement fund and is not eligible for distribution to Plaintiffs;

Page 10 of 12
**Taiwan Wallace, et al. v. Evergreen Packaging, LLC**
**U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB**
**Plaintiffs' Renewed Motion for an Award of a Reasonable Attorney's Fee**

the remaining additional recovery from the settlement fund amounts to roughly 28.9% of the fund. While, to SLF's knowledge, there is no "standard" or customary contingency fee within this district, FLSA cases in general are taken on a contingency basis of between 20% and 40%. Decl. Kristensen ¶ 34. *See also Legros v. Mud Control Equip., Co.*, No. CV 15-1082, 2017 WL 925730, at *3 (W.D. La. Mar. 6, 2017) ("[C]ontingency fee arrangements in this legal community are generally in excess of 33%") (citing *Hebert v. Baker Hughes, Inc.*, No. 6:15-2566, 2016 WL 7029336, *4 (W.D. La.); *In re Bayou Sorrel Class Action*, No. 6:04CV1101, 2006 WL 3230771 (W.D. La.)).

The length and complexity of this case, coupled with the settlement recipient's full knowledge of the settlement negotiations, warrants the Court's approval of awarding 28.9% of the settlement fund to SLF as an additional attorney's fee.

**C.   Conclusion**

The attorney's fee negotiated by the Parties exceeds the hourly fees billed by SLF so far, but it is nonetheless consistent with fees awarded in other class and collective actions. Had SLF prolonged the litigation to justify a higher fee, the result would have been a detriment rather than a benefit to the collective. Instead, the Parties reached a timely settlement that provides for a substantial benefit to Defendant's current and former employees. Because SLF's agreed fee is reasonable given the totality of the circumstances, the Court should grant Plaintiffs' request for an additional 28.9% of the settlement fund to be awarded as fees.

Page 11 of 12
**Taiwan Wallace, et al. v. Evergreen Packaging, LLC**
U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB
Plaintiffs' Renewed Motion for an Award of a Reasonable Attorney's Fee

Respectfully submitted,

**TAIWAN WALLACE, ROGER DAVIS, MICHAEL STURDIVANT, GLEN FLOYD, EMILY COLSON, BRODERICK BURNETT and BRIDGETTE TATE Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 12 of 12**
**Taiwan Wallace, et al. v. Evergreen Packaging, LLC**
**U.S.D.C. (E.D. Ark.) No. 4:22-cv-337-KGB**
**Plaintiffs' Renewed Motion for an Award of a Reasonable Attorney's Fee**