UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TAYLOR SMITH, *et al.*,<br><br>      Plaintiffs,<br><br>v.<br><br>S.J.B. CORPORATION dba SAMMY'S, an Alabama Corporation; PATRICIA CANTAVESPRE, an individual; SAMMY RUSSO, an individual; DOE MANAGERS 1 through 3; and DOES 4 through 10, inclusive,<br><br>      Defendants. | Case No.: 2:24-cv-00436-MHH<br><br>**COLLECTIVE ACTION**<br><br>**DECLARATION OF JOHN P. KRISTENSEN IN SUPPORT OF JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT** |

_____ /

**DECLARATION OF JOHN P. KRISTENSEN IN SUPPORT OF JOINT MOTION**

**FOR APPROVAL OF FLSA SETTLEMENT**

I, John P. Kristensen, hereby declare as follows:

1. I am an attorney licensed to practice before all Courts in the States of California and Massachusetts. I am the founding partner at Kristensen Law Group, counsel

of record for plaintiffs Taylor Smith ("T. Smith"), Ashley Kavanagh ("Kavanagh"), Angel Cardona ("Cardona"), Britney Smith ("B. Smith"), Brooke Martin ("Martin"), Kaylen Moyers ("Moyers"), Elizabeth Lee ("Lee"), Alexandra Johnson ("Johnson"), Jessica Tomlinson ("Tomlinson"), Emily Artrip ("Artrip"), Kathryn Bigbee ("Bigbee"), Alexandria Heath ("Heath"), Emily Weaver ("Weaver"), Jordan Rutledge ("Rutledge"), Sarah Dykes ("Dykes"), April Robinson ("Robinson"), Tiffani Ramos ("Ramos"), Stephanie Jeronymo ("Jeronymo"), Kelley McDonald ("McDonald"), Jacquese Evans ("Evans"), Destiny Avent ("Avent"), Kayle Gooden ("Gooden"), Destiny Gordon ("Gordon"), Peyton Mastropolo ("Mastropolo"), Jillian Manning ("Manning"), and Brittany Tyler ("Tyler") (collectively, "Plaintiffs") in this action. I make this declaration of my own personal knowledge, and if called to testify, I could and would competently testify hereto under oath.

2. I am currently a partner at Kristensen Law Group. I am an attorney licensed to practice in the States of California and Massachusetts. I am admitted to practice before the United States District Court for the Northern, Eastern, Southern, Central Districts of California, the United States District Court for the District of Colorado, the United States District Courts for the Eastern and Western District of Wisconsin, the District of Massachusetts and the United States District Court for the District of Columbia.

3. I graduated from Washington & Lee University School of Law in Lexington, Virginia in 2002, where I received an academic scholarship. Upon graduation, I moved back to Los Angeles and quickly gained admission to the California Bar. I began my civil litigation career at Daniels, Fine, Israel, Schonbuch & Lebovits, LLP in Century City. I

then spent four years at a multi- disciplinary practice, at the firm Avila & Peros, LLP.

4. In 2008, I accepted employment at a firm, O'Reilly & Danko, which subsequently changed its name to O'Reilly || Collins. That firm was one of the preeminent plaintiffs' law firms in the country. During my tenure there, I obtained numerous seven and eight figure verdicts and settlements.

5. In 2011, I was responsible for what was then a record and maximum fine against an automotive company, pursuant to my request that the federal government investigate an auto manufacturer for its statements regarding conducting a recall overseas, but not conducting that same recall for similar vehicles in the United States. The manufacturer paid the maximum fine in excess of $16,000,000.00 as a result of my investigation.

6. In 2011, the Daily Journal selected me as one of five associates to watch in the state of California in its annual 20 under 40 Edition. I was the sole plaintiffs' attorney to receive the accolade. I have also been named to Super Lawyers' Rising Stars for Southern California in 2012, 2013 and 2014. I have been named a Super Lawyer for Southern California every year since.

7. I have tried multiple employment litigation cases, including against exotic dance clubs, and wrongful death trials wherein I have obtained numerous million-dollar settlements. Our firm has tried multiple cases over the last five years. We were prepared to take the above-entitled matters through final hearing in arbitration as well.

8. I have litigated cases against NBC, Enterprise Rent-A-Car, Spearmint Rhino, Ford Motor Company, Toyota Motor Company, General Motors, Taco Bell, Sony and

numerous other large corporations. My practice has included in multiple appellate cases where I have argued successfully before the California Courts of Appeal.

9. During the course of the Toyota Sudden Acceleration litigation, I was appointed by Hon. Anthony J. Mohr to the Plaintiffs' Steering Committee and was re-appointed in 2012 by Hon. Lee Edmon. Judge Edmon also appointed me as a member of the national fee committee to recommend the allocations and disbursements of the common benefit fund.

10. In 2012, I took a position with one of the nation's top Class Action Law Firms, Strange & Carpenter, where I was instrumental in preparing one of the bellwether sudden acceleration cases that resolved in December 2012. That case was a model for the California Class Claim, which resolved along with the national case. Today, I remain in the role as the youngest attorney appointed to the plaintiffs' steering committees in the California Toyota Sudden Acceleration cases.

11. In 2017, I obtained what was then a record Title IX settlement against UC Regents.

12. I was appointed Class Counsel in the matter of *Mankin v. Mountain West Research Center, L.C.*, Case Number 2:13-cv-06447-DSF-AGR in the Central District of California. The class settlement in that matter was approved by Hon. Dale S. Fischer.

13. On August 7, 2019, I was appointed Class Counsel in the matter of *George v. Shamrock Saloon II, LLC*, Case Number 17-cv-6663 (RA) (HBP) in the Southern District of New York by Magistrate Judge Pitman. Class certification was contested and an objection on the class certification, not my qualifications, was made to Hon. Ronnie

Abrams, who adopted Magistrate Judge Pitman's report and recommendations in its entirety.

14. On October 23, 2019, in a contested motion for class certification in the Central District of California, Hon. George H. Wu appointed me as Class Counsel in the matter of *Lisa Friedman v. Jillian Michaels, et al.*, Case No. 19- CV-9414-GW(SSx) in the Central District of California.

15. I was appointed Class Counsel in the matter *Guzman v. Polaris Industries., et al.*, Case No. 8:19-cv-01543-FLA-KES in the Central District of California. I am the lead trial counsel in that case, which is set for trial in 2025.

16. Other than myself, several members of my firm have knowledge of this case and have worked on this case with me with my oversight. I am noted in the firm's billing entries as "JPK" and my rate is $775.00. My rates have been approved at $700 to $775 an hour in the following cases: *Macklin v. Biscayne Holding Corp et al*, 1:19-cv-00561-WES-PAS (D.R.I. Aug. 23, 2021); *Truehart et al v. Dartmouth Clubs, Inc. et al*, 1:20-cv-10374-DJC (D. Mass. Aug.11, 2021); *Harris v. 68-444 Perez, Inc.., et al.*, 5:19-cv- 02184-JGB-SP (C.D. Cal. Feb. 14, 2022)[1]

17. Jarrett L. Ellzey has been a litigator since his career began in 2003 when he graduated from South Texas College of Law in Houston, Texas. Since the beginning of his career, Jarrett has represented plaintiffs and defendants in matters ranging from simple breach of contract cases involving two small businesses, to nationwide consumer class

---

[1] Ms. Lyon was defense counsel in the *Harris* matter.

actions in state and federal courts across the nation, including Texas, California, Florida, New York, Illinois, Pennsylvania, Georgia, Oklahoma, and Mississippi.

18. Since Ellzey & Associates, PLLC (formerly Hughes Ellzey, LLP) opened in 2010, Jarrett has tried dozens of cases and, during only a five-year stretch, succeeded in obtaining over $23 million in verdicts. Jarrett served as lead counsel for the plaintiff in a commercial real estate dispute winning one of the largest fraud verdicts in Texas, earning him and the firm honoree distinction in the Texas Verdict Hall of Fame by Texas Lawyer VerdictSearch and recognition for one of the largest civil awards in Texas in 2012. Jarrett's hourly rate is $700.00 and he uses the initials "JE."

19. In addition, Alice Newlin of Ellzey & Associates provided paralegal support for their work on this matter. Ms. Newlin uses the initials "AN." Ms. Newlin's hourly rates is $125.00.

20. Mr. Ellzey's associate, Leigh S. Montgomery, has spent her entire legal career helping individuals and small businesses maximize the results they can achieve from the civil justice system since 2008 when she graduated from Baylor University Law School in Waco, Texas. Ms. Montgomery spent the first five years of her career assisting those individuals and businesses devastated by natural catastrophes such as Hurricane Ike and Hurricane Harvey. She is proud to have assisted hundreds of individuals and small businesses in getting the money and assistance necessary to put their lives back together.

21. Since 2013, Ms. Montgomery has represented individuals injured in truck, auto or on the job incidents. With her background in fighting insurance companies, she has helped many injured individuals get the maximum benefits and help they deserve. Ms.

Montgomery's hourly rate is $600.00 and she uses the initials "LM."

22.  Jason P. Tortorici is a managing partner of Schilleci & Tortorici, P.C. With over 20 years of experience in Alabama and California state and federal courts representing plaintiffs in matters. Jason's practice is focused primarily on representing small and medium-sized, closely held business and commercial ventures, as well as individuals, in litigation that arises related to contractual and commercial disputes, insurance coverage, intellectual property, and the proper operation and maintenance of commercial premises. With his decades of litigation experience, he was an invaluable asset to Plaintiffs as local counsel. Jason's hourly rate is $650.00 and he uses the initials "JPT" or his full name, Jason Tortorici.

## THE SETTLEMENTS

23.  The parties in this matter have reached Settlement Agreements.

   a.  I have attached hereto as **Exhibit 1** a true and correct copy of Plaintiffs' damages estimations submitted in advance of the October 29, 2024 mediation.

   b.  I have attached hereto as **Exhibit 2** a true and correct copy of the Settlement Agreement pertaining to Taylor Smith's claims.

   c.  I have attached hereto as **Exhibit 3** a true and correct copy of the Settlement Agreement pertaining to Ashley Kavanagh's claims.

   d.  I have attached hereto as **Exhibit 4** a true and correct copy of the Settlement Agreement pertaining to Angel Cardona's claims.

   e.  I have attached hereto as **Exhibit 5** a true and correct copy of the Settlement Agreement pertaining to Brittney Smith's claims.

f. I have attached hereto as **Exhibit 6** a true and correct copy of the Settlement Agreement pertaining to Brooke Martin's claims.

g. I have attached hereto as **Exhibit 7** a true and correct copy of the Settlement Agreement pertaining to Kaylen Moyer's claims.

h. I have attached hereto as **Exhibit 8** a true and correct copy of the Settlement Agreement pertaining to Elizabeth Lee's claims.

i. I have attached hereto as **Exhibit 9** a true and correct copy of the Settlement Agreement pertaining to Alexandra Johnson's claims.

j. I have attached hereto as **Exhibit 10** a true and correct copy of the Settlement Agreement pertaining to Emily Artrip's claims.

k. I have attached hereto as **Exhibit 11** a true and correct copy of the Settlement Agreement pertaining to Jessica Tomlinson's claims.

l. I have attached hereto as **Exhibit 12** a true and correct copy of the Settlement Agreement pertaining to Kathryn Bigbee's claims.

m. I have attached hereto as **Exhibit 13** a true and correct copy of the Settlement Agreement pertaining to Alexandria Heath's claims.

n. I have attached hereto as **Exhibit 14** a true and correct copy of the Settlement Agreement pertaining to Emily Weaver's claims.

o. I have attached hereto as **Exhibit 15** a true and correct copy of the Settlement Agreement pertaining to Jordan Rutledge's claims.

p. I have attached hereto as **Exhibit 16** a true and correct copy of the Settlement Agreement pertaining to Sarah Dykes' claims.

q.  I have attached hereto as **Exhibit 17** a true and correct copy of the Settlement Agreement pertaining to April Robinson's claims.

r.  I have attached hereto as **Exhibit 18** a true and correct copy of the Settlement Agreement pertaining to Tiffani Ramos' claims.

s.  I have attached hereto as **Exhibit 19** a true and correct copy of the Settlement Agreement pertaining to Plaintiffs' attorneys' fees and costs for the accepted Rule 68 offers that were exclusive of reasonable attorneys' fees and costs.

24.  Plaintiffs Taylor Smith ("T. Smith"), Ashley Kavanagh ("Kavanagh"), Angel Cardona ("Cardona"), Britney Smith ("B. Smith"), Brooke Martin ("Martin"), Kaylen Moyers ("Moyers"), Elizabeth Lee ("Lee"), Alexandra Johnson ("Johnson"), Jessica Tomlinson ("Tomlinson"), Emily Artrip ("Artrip"), Kathryn Bigbee ("Bigbee"), Alexandria Heath ("Heath"), Emily Weaver ("Weaver"), Jordan Rutledge ("Rutledge"), Sarah Dykes ("Dykes"), April Robinson ("Robinson"), Tiffani Ramos ("Ramos"), Stephanie Jeronymo ("Jeronymo"), Kelley McDonald ("McDonald"), Jacquese Evans ("Evans"), Destiny Avent ("Avent"), Kayle Gooden ("Gooden"), Destiny Gordon ("Gordon"), Peyton Mastropolo ("Mastropolo"), Jillian Manning ("Manning"), and Brittany Tyler ("Tyler") (collectively, "Plaintiffs") performed as exotic dancers at Sammy's, a nightclub/entertainment venue in Birmingham, Alabama. Sammy's is owned and operated by Defendant S.J.B. Corporation dba Sammy's, Patricia Cantavespre, and Sammy Russo ("Defendants")

25.  Plaintiffs brought this action seeking to recover wages owed to them after being misclassified as independent contractors at Sammy's under the Fair Labor Standards

Act ("FLSA"), 29 U.S.C. § 207. *See* Dkt. 1.

26. Plaintiffs' causes of action were based on Defendants' not classifying Plaintiffs as employees and not providing minimum wage payments; Defendants' classification of Plaintiffs and other dancers/entertainers as "independent contractors"; and further alleged that Defendants violated the FLSA's provisions concerning kickbacks and tipped employees. The Complaint for damages includes the following causes of action: (1) Failure to Pay Minimum Wage, 29 U.S.C. § 206; (2) Illegal Kickbacks/ Unlawful Taking of Tips, 29 U.S.C. § 203. *See* Dkt. 1.

27. On July 2, 2024, the Parties mediated this matter before Judge Ott in the Northern District of Alabama.

28. On October 29, 2024, the Parties again mediated this matter before Judge Ott in the Northern District of Alabama.

29. On November 1, 2024, Plaintiffs filed a Notice of Settlement advising this Court that the Parties have resolved all claims in this matter. *See* Dkt. 19.

30. Under the Agreements, Defendants have agreed to pay Plaintiffs a gross settlement in the amount of $595,000 for the disputes that were outstanding at the time of the October 29, 2024 mediation. The settlement includes: the complete claims for the 17 plaintiffs who refused the offers of judgment; the attorneys' fees and costs for the plaintiffs who accepted the Rule 68 offers of judgment; and lastly, the entire claims for Tyler and Manning (plaintiffs' recovery as well as attorneys' costs and fees) were included the global $595,000. Tyler and Manning accepted their offers of judgment recently. *See* Dkts. 67 and 72. As part of the settlement, they are resolving their claims, <u>inclusive</u> with attorneys' fees

and costs. The amount of the judgments, which were previously paid, are outside the global $595,000. Payment is due within seven (7) days after Court approval.

31.  In advance of the October 29, 2024 mediation before Judge Ott, Plaintiffs' counsel prepared a through breakdown of each individual Plaintiff's claim.

The net recovery each Plaintiff receives pursuant to the Settlement Agreement correlates roughly with Plaintiffs' counsel's evaluation in Exhibit 1. The Plaintiffs will receive $317,170 in settlement payments from the $595,000. Additionally, the seven Plaintiffs who received payments for their offers of judgment were paid $37,100.00. Counsel are seeking $7,830 in costs, and $270,000 in attorneys fees.

32.  The average net settlement to Plaintiffs who did not accept the Rule 68 Offers is $18,235.29. That is nearly 3.7 times, or 370% higher per settlement for the Plaintiffs, who did not accept a Rule 68 offer. That average was $4,918.89. Including both the global settlement Plaintiffs, and those who accepted the offers of judgment still amounts to $13,625.77 per Plaintiff. Because Plaintiffs' net recovery correlates closely with the maximum value of their claims, the Parties' settlement is reasonable.

33.  Plaintiffs' counsel has significant experience in litigating employment cases. The settlement amounts and terms resulted in significant resolutions for the Plaintiffs.

34.  Plaintiffs' counsel has incurred at least $7,830 in costs that are being allocated depending on the costs incurred in litigating this matter. Plaintiffs' counsel has a lodestar of $333,777.50. The total settlement is $632,100. Plaintiff's counsels are seeking a reduced multiplier of 80.8% for a total of $270,000, which is 42.7% of the gross amount. The lodestar amount, and the fees pursuant to the retainer agreements are greater than the

amount of fees Plaintiffs' counsel is seeking in attorneys' fees.

35. Plaintiffs' counsel litigated these cases extensively. The settlement amounts are significant and take into account multiple factors, including: (1) the amount of time litigated; (2) having to litigate a number of claims; and (3) the ability to reach a favorable resolution and collect, which is relevant when evaluating the risks of a jury trial, post-trial motions, and the delay while appeals are pending.

36. In exchange for the consideration described above, Plaintiffs have agreed to dismiss their causes of action for alleged violations of the FLSA and any state claims stemming from Plaintiffs' employment with the Defendants at issue in the Complaint, and any related claims for Retaliation.

37. The Court should approve the settlements because it reflects a reasonable compromise of *bone fide* disputes regarding Defendants' alleged FLSA liability. There was also no collusion in reaching the settlements. The Parties were adequately represented by competent counsel experienced in litigating cases under the FLSA, and the settlements were reached as a result of good-faith, arms' length negotiations between the Parties.

38. The Parties have vastly different opinions about the classification of the Plaintiffs as employees or independent contractors under the FLSA. Plaintiffs' were prepared to file a motion for partial summary judgment on this issue. A recent case, also litigated by the same Plaintiff's counsel in this same district, found via summary judgment that dancers were employees, not independent contractors. *See Manasco v. Best in Town, et al.*, 2023 WL 596434, case no. 2:21-cv-00381-JHE (N.D. Ala. Sept. 13, 2023).

39. The Parties also engaged in extensive written discovery. Defendants took

depositions of two Plaintiffs. And Plaintiffs' counsel took the depositions of Defendant's, managerial staff at Sammy's, and exchanged relevant documents, including all evidence that Plaintiffs' possessed documenting their employment at Sammy's and the amount of time that Plaintiffs' worked at Sammy's.

40. The Settlement allocations with costs, fees and amounts to the individual Plaintiffs is below:

| PLAINTIFF | NET TO PLAINTIFF | COSTS | FEES | GROSS SETTLEMENT AMOUNT |
|---|---|---|---|---|
| McDonald | $10,200.00 | $225.44 | $7,773.74 | $18,199.17 |
| T. Smith | $11,000.00 | $243.12 | $8,383.44 | $19,626.56 |
| Kavanagh | $12,000.00 | $265.22 | $9,145.57 | $21,410.79 |
| Cardona | $10,000.00 | $221.02 | $7,621.31 | $17,842.32 |
| Evans | $5,200.00 | $114.93 | $3,963.09 | $9,278.01 |
| Gordon | $2,850.00 | $62.99 | $2,172.07 | $5,085.06 |
| B. Smith | $15,000.00 | $331.53 | $11,431.96 | $26,763.49 |
| Avent | $8,000.00 | $176.81 | $6,097.05 | $14,273.86 |
| Mastropolo | $5,000.00 | $110.51 | $3,810.66 | $8,921.16 |
| Jeronymo | $2,000.00 | $44.20 | $1,524.27 | $3,568.46 |
| Martin | $35,000.00 | $773.56 | $26,674.57 | $62,448.13 |
| Gooden | $3,850.00 | $85.09 | $2,934.20 | $6,869.29 |
| Moyers | $30,000.00 | $663.05 | $22,863.92 | $53,526.97 |
| Lee | $40,000.00 | $884.07 | $30,485.22 | $71,369.29 |
| Tyler | $3,370.00 | $74.48 | $2,568.32 | $6,012.86 |
| Johnson | $10,000.00 | $221.01 | $7,621.31 | $17,842.32 |
| Artrip | $40,000.00 | $884.07 | $30,485.22 | $71,369.29 |
| Tomlinson | $17,000.00 | $375.73 | $12,956.22 | $30,331.95 |
| Bigbee | $14,000.00 | $309.43 | $10,669.83 | $24,979.25 |
| Heath | $15,000.00 | $331.53 | $11,431.96 | $26,763.49 |
| Weaver | $15,000.00 | $331.53 | $11,431.96 | $26,763.49 |
| Rutledge | $15,000.00 | $331.53 | $11,431.96 | $26,763.49 |
| Manning | $3,800.00 | $83.99 | $2,896.10 | $6,780.09 |
| Dykes | $11,000.00 | $243.12 | $8,383.44 | $19,626.56 |
| Robinson | $16,000.00 | $353.63 | $12,194.09 | $28,547.72 |
| Ramos | $4,000.00 | $88.41 | $3,048.52 | $7,136.93 |
|  | $354,270.00 | $7,830.00 | $270,000.00 | $632,100.00 |

The settlement allocations to Plaintiffs reflect the potential recovery and strength of Plaintiffs' cases given the uncertainty of any recovery at trial on the merits and due to the financial condition of Defendants. Had Plaintiffs continued and sought a greater recovery, there was a strong likelihood that any greater recovery, which could not be guaranteed, would have been pyrrhic as greater time and expense would have been incurred in Plaintiffs' counsel lodestar, which is $333,777.50, and spent significantly more money in costs. After full preparation for trial, the lodestar would have been far greater than what Plaintiffs' counsels are receiving under these settlements

## COMPARABLE AWARDS OF ATTORNEYS' FEES AND COSTS

41. I have attached hereto as **Exhibit 21** a true and correct copy of Kristensen Law Group's time entries and fees for this matter.

42. I have attached hereto as **Exhibit 22** a true and correct copy of Ellzey & Associates' time entries and fees for this matter.

43. I have attached hereto as **Exhibit 23** a true and correct copy of Schilleci & Tortorici's time entries and fees for this matter.

44. I have attached hereto as **Exhibit 24** a true and correct copy of Plaintiffs' Counsels' costs for this matter.

45. Attached hereto as **Exhibit 25** is a true and correct copy of the Motion for Approval of FLSA Settlement in *Nguyen v. Westside Ventures, Inc., et al.*, 2:20-cv-01142-RGK AGR (C.D. Cal. May 25, 2021) wherein Plaintiffs' Counsel requests a negative

lodestar modifier for their request for attorney's fees.

46. Attached hereto as **Exhibit 26** is a true and correct copy of the Order granting Plaintiffs' request for attorney's fees in the Motion for Approval of the FLSA settlement in *Nguyen v. Westside Ventures, Inc., et al.*, 2:20-cv-01142-RGK- AGR (C.D. Cal. June 16, 2021).

47. Attached hereto as **Exhibit 27** is a true and correct copy of the Motion for Approval of FLSA Settlement in *Mora v. Stars Planet, Inc., et al.*, 2:20-cv- 00414-JFW-JC (C.D. Cal. Feb. 22, 2021) wherein Plaintiffs' Counsel requests a negative lodestar modifier for their request for attorney's fees.

48. Attached hereto as **Exhibit 28** is a true and correct copy of the Order granting Plaintiffs' request for attorney's fees in the Motion for Approval of the FLSA settlement in *Mora v. Stars Planet, Inc.*, et al., 2:20-cv-00414-JFW-JC (C.D. Cal. Mar. 18, 2021).

49. Attached hereto as **Exhibit 29** is a true and correct copy of the Motion for Approval of FLSA Settlement in *Johnson v. The Strip Joint, et al.*, 8:19-cv- 01623-JVS-KES (C.D. Cal. Jan. 24, 2020) wherein Plaintiffs' Counsel requests a negative lodestar modifier for their request for attorney's fees.

50. Attached hereto as **Exhibit 30** is a true and correct copy of the Order granting Plaintiffs' request for attorney's fees in the Motion for Approval of the FLSA settlement in *Johnson v. The Strip Joint, et al.*, 8:19-cv-01623-JVS-KES (C.D. Cal. Jan. 31, 2020).

51. Attached hereto as **Exhibit 31** is a true and correct copy of the Motion for Approval of FLSA Settlement in *Aguiar v. M.J. Peter & Associates, Inc.*, et al., 0:20-cv-60198- AMC (S.D. Fla. July 15, 2020) wherein Plaintiffs' Counsel requests a negative

lodestar modifier for their request for attorney's fees.

52. Attached hereto as **Exhibit 32** is a true and correct copy of the Order granting Plaintiffs' request for attorney's fees in the Motion for Approval of the FLSA settlement in *Aguiar v. M.J. Peter & Associates, Inc., et al.*, 0:20-cv-60198- AMC (S.D. Fla. July 19, 2020).

53. Attached hereto as **Exhibit 33** is a true and correct copy of the Motion for Approval of FLSA Settlement in *Weiss v. 1709 Corporation, et al.*, 3:20-cv- 00990-slc (W.D. Wis. May 28, 2021) wherein Plaintiffs' Counsel requests a negative lodestar modifier for their request for attorney's fees.

54. Attached hereto as **Exhibit 34** is a true and correct copy of the Order granting Plaintiffs' request for attorney's fees in the Motion for Approval of the FLSA settlement in *Weiss v. 1709 Corporation, et al.*, 3:20-cv-00990-slc (W.D. Wis. June 10, 2021).

55. Attached hereto as **Exhibit 35** is a true and correct copy of the Order approving the Fed. R. Civ. P. 23 class action settlement in *Ortega v. The Spearmint Rhino Companies Worldwide Inc.*, et al., 5:17-cv-00206-JGB-KK (C.D. Cal. July 5, 2021).

56. Attached hereto as **Exhibit 36** is a true and correct copy of the Order approving the Fed. R. Civ. P. 23 class action settlement in *Byrne v. Santa Barbara Hospitality Services*, Inc., C.A. No. 17-00527, Dkt. 178 (C.D. Cal. December 14, 2018).

57. Attached hereto as **Exhibit 37** is a true and correct copy of the Memorandum in Support of Motion for Approval of FLSA Settlement in *Macklin v. Biscayne Holding Corp et al*, 1:19-cv-00561-WES-PAS (D.R.I. Aug. 23, 2021) wherein Plaintiffs' Counsel requests a negative lodestar modifier for their request for attorney's fees.

58. Attached hereto as **Exhibit 38** is a true and correct copy of the Declaration of John P. Kristensen in Support of Motion for Approval of FLSA Settlement in *Macklin v. Biscayne Holding Corp et al*, 1:19-cv-00561-WES-PAS (D.R.I. Aug. 23, 2021) wherein Plaintiffs' counsel describe their rates.

59. Attached hereto as **Exhibit 39** is a true and correct copy of the Order granting Plaintiffs' Motion for Approval of FLSA Settlement in *Macklin v. Biscayne Holding Corp et al*, 1:19-cv-00561-WES-PAS (D.R.I. Sept. 24, 2021) recognizing Plaintiffs' counsel's request for attorney's fees and costs as reasonable.

60. Attached hereto as **Exhibit 40** is a true and correct copy of the Declaration of John P. Kristensen in Support of Motion for Approval of FLSA Settlement in *Truehart et al v. Dartmouth Clubs, Inc. et al*, 1:20-cv-10374-DJC (D. Mass. Aug.11, 2021) wherein Plaintiffs' counsels describe their rates.

61. Attached hereto as **Exhibit 41** is a true and correct copy of the Court order granting Plaintiffs' Motion for Approval of FLSA Settlement in *Truehart et al v. Dartmouth Clubs, Inc. et al*, 1:20-cv-10374-DJC (D. Mass. Oct. 1, 2021) recognizing Plaintiffs' counsel's request for attorney's fees and costs as reasonable.

62. Attached hereto as **Exhibit 42** is a true and correct copy of the Motion for Approval of FLSA Settlement in *Harris v. 68-444 Perez, Inc.., et al.*, 5:19-cv- 02184-JGB-SP (C.D. Cal. Feb. 14, 2022) wherein Plaintiffs' Counsel requests a negative lodestar modifier for their request for attorney's fees.

63. Attached hereto as **Exhibit 43** is a true and correct copy of the Order granting Plaintiffs' request for attorney's fees in the Motion for Approval of the FLSA settlement

in *Harris v. 68-444 Perez, Inc.., et al.*, 5:19-cv-02184-JGB-SP (C.D. Cal. Apr. 21, 2022).

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on Monday, November 25, 2024, at Santa Barbara, California.

/s/ John P. Kristensen
John P. Kristensen