IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TAIWAN WALLACE, individually and on
behalf of all others similarly situated                                          PLAINTIFFS

v.                          Case No. 4:22-cv-00337-KGB

EVERGREEN PACKAGING, LLC                                                           DEFENDANT

## ORDER

Before the Court is plaintiffs' renewed motion for an award of a reasonable attorney's fee (Dkt. No. 139). For the following reasons, the Court denies the motion (*Id.*).

Plaintiffs filed a motion for attorneys' fees and costs (Dkt. No. 134), that this Court granted, in part, and denied, in part (Dkt. No. 136). In that previously filed motion, counsel conceded that plaintiffs' counsel and defendant Evergreen Packaging, LLC ("Evergreen"), negotiated an attorneys' fee payment of $50,000.00, with Evergreen taking no position on Plaintiffs' counsel's request for additional attorneys' fees and costs (Dkt. No. 134, at 1 n.1; *see also* Dkt. No. 133-1, at 10, ¶ 22(b)). Plaintiffs' counsel represented in their initial motion for fees that they "are seeking an award from the Settlement Fund of $136,970.74, equal to approximately 28.9% of the total settlement plus incurred costs of $6,971.14" (Dkt. No. 134, at 1). Presumably in an effort to justify this request, Plaintiffs' counsel stated: "Combining the separately negotiated fee with the reduced contingency amount of 28.9% equals the contractual agreement between Plaintiffs and counsel" (*Id.*). Plaintiffs' counsel stated that they "are entitled to 40% plus costs of the total settlement amount" consistent with the terms of a contingency agreement (*Id.*).

The Eighth Circuit has assumed, without deciding, that if FLSA settlements are subject to judicial review, district courts have the authority to ensure that: (1) the attorneys' fees were in fact negotiated separately and without regard to plaintiff's FLSA claim, and (2) there was no conflict

of interest between the attorney and his or her client. *Vines v. Welspun Pipes Inc.*, 9 F.4th 849, 853–54 (8th Cir. 2021). If the court answers those questions affirmatively, then it lacks the authority under the FLSA to review the settled attorneys' fees. *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019). If, however, the attorneys' fees were not negotiated separately and apart from the merits settlement, the Court may then review the fees for reasonableness. *See Vines*, 9 F.4th 849, 855–57 (reviewing a reduced award of attorney's fees after finding the district court correctly determined the fees were not negotiated separately from the FLSA merits settlement).

What Plaintiffs' counsel proposes is that the Court should calculate the settled attorney's fees as a percentage of the total settlement amount, with the fees comprising 40% of the total settlement, presumably when the negotiated fee and this additional requested fee are added together. The parties represent that they negotiated a $50,000.00 fee award separately after reaching an agreement on the settlement payments and terms (Dkt. No. 133-1, at 10, ¶ 22(b)). The same is not true for the additional requested fee amount being sought by Plaintiffs' counsel in the amount of $137,500.00 from the settlement amount (*Id.*). When settled attorney's fees are calculated as a percentage of a total FLSA settlement common fund, district courts throughout the Eighth Circuit have found that *Barbee*'s limitation on fee review does not apply because, among other reasons, the fees are necessarily intertwined with the FLSA merits settlement. *Guy v. DMG Installations, Inc.*, Case No. 4:20-cv-00331-SBJ, 2021 WL 4973251, at *5–6 (S.D. Iowa Oct. 22, 2021); *Johnson v. Himagine Sols., Inc.*, Case No. 4:20-cv-00574-SPM, 2021 WL 2634669, at *6 n.3 (E.D. Mo. June 25, 2021); *Sandoval-Osegura v. Harvey Pallets Mgmt. Grp., LLC*, Case No. 4:19-cv-00096-AGF, 2021 WL 2337614, at *2 n.4 (E.D. Mo. June 8, 2021); *Del Toro v. Centene Mgmt. Co., LLC*, Case No. 4:19-cv-02635-JAR, 2021 WL 1784368, at *2 (E.D. Mo. May 5, 2021).

Thus, the Court has authority to review the proposed agreement's percentage-of-the-fund approach to calculating fees, which is appropriate if the fees are fair and reasonable. *Del Toro*, 2021 WL 1784368, at *3. The Court does so while remembering that "where the parties have already agreed upon the fees to be paid, any required review need not be a line-by-line, hour-by-hour review of attorneys' fees." *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018). Rather, the review "requires a certain level of deference . . . to the parties' agreement" and "is more deferential than resolving attorneys' fees in a disputed case." *Id.* at 779–80.

The Eighth Circuit has not offered a specific test for considering the reasonableness of attorney's fees calculated as a percentage of the fund, but district courts in the Eighth Circuit frequently use the following factors set out by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.*: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the attorney's preclusion of other employment due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989); *see also Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931, 944 (8th Cir. 2007) (finding no abuse of discretion where the district court considered the *Johnson* factors in determining the final fee award).

The *Johnson* factors overlap almost completely with the factors laid out by the Arkansas Supreme Court for assessing appropriate attorney's fees under state law, such as the AMWA claim in this case. *Chrisco v. Sun Indus., Inc.*, 800 S.W.2d 717, 718–19 (Ark. 1990); *see also All-Ways*

*Logistics, Inc. v. USA Truck, Inc.*, 583 F.3d 511, 520–21 (8th Cir. 2009) (endorsing the use of the *Chrisco* factors in matters of Arkansas state law). A party requesting fees must exercise its "billing judgment" and exclude from its request hours that "are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Courts should "exclude from [the] fee calculation hours that were not 'reasonably expended.'" *Id.*

Plaintiffs' counsel represents that they took this case on a contingency basis. In its prior Order, the Court observed that the written contingency agreement entered into by plaintiffs' counsel at the start of this litigation, if one applies to this case, is not before the Court. To date, no agreement or any other information about this arrangement with plaintiffs' clients has been provided for the Court's review.

In its prior Order, the Court also observed that there were no billing records or summary of billing or work performed for Plaintiffs' counsel, aside from an exhibit that lists purported costs (Dkt. Nos. 134-1; 136, at 7). Plaintiffs' counsel now includes billing records with their current motion (Dkt. No. 139-1). Plaintiffs' counsel concedes the billing, even with the claimed rates, totals only $75,520.00 in this case when the lodestar method is applied (Dkt. No. 139, at 1). Included in that total are multiple time entries for working on the motions for attorneys' fees, including this renewed motion (Dkt. No. 139-1, at 19–21). Time reasonably spent bringing a fee application generally is compensable where attorney fees are authorized by statute, as long as it is not excessive. *See Jorstad v. IDS Realty Trust*, 643 F.2d 1305, 1314 (8th Cir. 1981).

The claimed hourly rates are high when compared to the local prevailing rate and the complexities of the case (Dkt. No. 139-2, at 5–6). *See also Francis v. Gamdan Servs. LLC*, Case No. 4:22-cv-00094-BRW, 2022 WL 2990705 (E.D. Ark. July 28, 2022) (reaching a similar conclusion). Further, based on the Court's review, multiple lawyers billed for time spent in office

4

conferences with other lawyers of the firm, who also billed for time spent in those conferences. This is done repeatedly upon the Court's review of the timesheets (Dkt. No. 139-1). This Court has addressed this issue, and other like billing practices, with plaintiffs' counsel in past Orders, as have other courts. *See Francis,* 2022 WL 2990705, *2 n.22.

Further, Plaintiffs' counsel have not explained how the negotiated fee of $50,000.00 came to be or why that negotiated fee does not represent or include the total amount of fees plaintiffs' counsel now claims they are entitled to in this case. *See Francis*, 2022 WL 2990705, *3–4 (addressing a similarly negotiated fee situation).

For these reasons, the Court determines that the fee request by plaintiffs' counsel exceeds the time and labor required. The legal issues presented are not particularly novel or difficult, and the skill required to perform the legal services properly was not overly complex or taxing. The Court acknowledges that plaintiffs' counsel has demonstrated their experience in FLSA litigation. The settlement was achieved after the parties exchanged some discovery and took some depositions. Results were obtained for the clients, but plaintiffs' counsel provides no explanation for why plaintiffs' counsel believed $50,000.00 in agreed upon fees from defendant was reasonable in this FLSA case, despite knowing that defendants are obligated to pay a reasonable attorneys' fee when a plaintiff is successful in an FLSA case. Further, plaintiffs' counsel have not explained how the agreed upon $50,000.00 amount was arrived at in the context of the settlement amount and hours claimed now in billing records.

Moreover, the overall 40% attorneys' fees amount represented and requested by Plaintiffs' counsel is higher than the range ordinarily awarded in percentage-of-the-fund cases. *See Caligiuri v. Symantec Corp.*, 855 F.3d 860, 866 (8th Cir. 2017) (noting the ordinary range of 25% to 36%).

Plaintiffs' counsel "now seeks to make up the difference between the low-ball demand to Defendant and what it believes it is owed at the expense of Plaintiff's liability recovery." *See Francis,* 2022 WL 2990705, *4. This Court finds the practice, especially on the record before it, unacceptable and observes that this practice appears to create an attorney-client conflict. The Court declines to permit plaintiffs' counsel from receiving both statutory and contingent fee awards in this case, particularly as the latter reduces the amount plaintiffs receive as compensation for the alleged FLSA violations.

For these reasons, the Court denies plaintiffs' renewed motion for an award of a reasonable attorneys' fee (Dkt. No. 139).

It is so ordered this 24th day of September, 2025.

_____
Kristine G. Baker
Chief United States District Judge